Samuel **HARDLEY**, Appellant–Petitioner,

v.

**STATE** of Indiana, Appellee–Respondent.

No. 48A02–0805–CV–401.

Court of Appeals of Indiana.

Sept. 19, 2008.

Samuel Hardley, Pendleton, IN, Appellant Pro Se.

Steve Carter, Attorney General of India, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Samuel Hardley appeals the trial court's denial of his petition for writ of habeas corpus. Hardley raises a single issue for our review, which we restate as whether the trial court abused its discretion when it denied his habeas petition.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

On June 18, 2007, the Indiana Parole Board ("the Board") notified Hardley that he was required to attend a parole violation hearing to be held on June 22. That notice had a section stating, "You are accused of violating the following rule(s) of your Parole Release Agreement," but no rules were identified in that section. Appellant's Brief at *9.[1] However, at the ensuing revocation hearing, the Board concluded that Hardley had violated rules 2, 7, 7, and 10 of his parole release agreement.[2]

---

1. This page is an unnumbered addendum to the Appellant's Brief and does not appear in the Appellant's Appendix.

2. Hardley has not filed a copy of the transcript of the June parole revocation hearing either with this court or with the trial court. And this information is not in his Appellant's Appendix. Nonetheless, he alleges it in his

Those rules were described on the reverse of Hardley's notification of the revocation hearing as follows:

2. **EMPLOYMENT AND RESIDENCE**—I will make every effort to remain gainfully employed and I understand that I must obtain written permission from my supervising officer prior to changing my employment or residence.

\* \* \*

7. **CRIMINAL CONDUCT**—I will not engage in conduct prohibited by federal or state law or local ordinance.

\* \* \*

10. **COMMUNICATION AND SPECIAL INSTRUCTIONS**—I agree to report to my supervising officer as instructed and to respond to any and all communications from any authorized employee of the Department of Correction. I will abide by any special conditions imposed by the Indiana Parole Board which have been reduced to writing and included as a condition of my parole.

*Id.* at \*9A. The Board then ordered Hardley to serve the balance of his suspended sentence.[3]

On December 11, 2007, Hardley filed a petition for writ of habeas corpus relief[4] alleging numerous constitutional violations. Those alleged violations each arose from the Board's purported failure to specify the parole-release rules Hardley had violated in its June 18 notification. On April 7, 2008, the trial court denied Hardley's

habeas petition without a hearing, stating that "the allegation that the Indiana Parole Board did not grant due process of law to petitioner is not within the jurisdiction or purview of habeas corpus relief." Appellant's App. at 9–10. This appeal ensued.

**DISCUSSION AND DECISION**

■■■ Hardley argues that the trial court erred in denying his habeas petition because the revocation of his parole, without proper notification of the grounds alleged for that revocation, violated his federal and State constitutional rights. The purpose of a writ of habeas corpus is to determine the lawfulness of custody or detention of the defendant and may not be used to determine collateral matters not affecting the custody process. *McKay v. State,* 714 N.E.2d 1182, 1186 (Ind.Ct.App. 1999). A defendant is entitled to a writ of habeas corpus if he or she is unlawfully incarcerated and is entitled to immediate release. *Id.* We review the trial court's habeas decision for an abuse of discretion. *Benford v. Marvel,* 842 N.E.2d 826, 828 (Ind.Ct.App.2006). Without reweighing the evidence, this court considers only that evidence most favorable to the judgment and reasonable inferences drawn therefrom. *Id.*

■■■ Additionally, our Supreme Court has found that a trial court does not have "jurisdiction to entertain a petition for a writ of habeas corpus inasmuch as petitioner [is] serving time under a proper commitment, his sentence [has] not ex-

Appellant's Brief, and so we assume it for background purposes only.

3. *See* footnote 2, *supra.*

4. In his brief, Hardley describes his habeas petition as a notice of appeal from the Board's revocation decision. *See* Appellant's

Brief at 2–3. We cannot agree. The record clearly reflects that Hardley filed a petition for habeas relief, not a notice of appeal, on December 11, 2007. *See* Appellant's App. at 2, 15–22. Had Hardley attempted to file a notice of appeal from the Board's June decision in December, the appeal would be untimely. *See* Ind. Appellate Rule 9(a).

pired and he [has] not been denied good time or credit time ... [and h]e is not seeking a correction of the beginning or the end of his sentence." *Partlow v. Superintendent*, 756 N.E.2d 978, 980 (Ind.Ct. App.2001) (quoting *Young v. Duckworth*, 274 Ind. 59, 61, 408 N.E.2d 1253, 1254 (1980)) (alterations original). Therefore, a petitioner must file a petition for post-conviction relief in the court of conviction (rather than a petition for a writ of habeas corpus in the court in the county of incarceration) when he attacks the validity of his conviction or sentence and/or does not allege that he is entitled to immediate discharge. *Id.* (citing Ind. Post–Conviction Rule 1). Nevertheless, "if a petitioner erroneously captions his action as petition for a writ of habeas corpus rather than post-conviction relief, courts will frequently and properly treat the petition as one for post-conviction relief, based on the content of the petition, rather than the caption." *Id.* (citing *Hawkins v. Jenkins*, 268 Ind. 137, 140, 374 N.E.2d 496, 498 (1978)).

Here, Hardley, an inmate in Pendleton, has not demonstrated on the face of his habeas petition any facts relating to his sentence that might suggest his sentence has expired. Further, he has presented no evidence to support the habeas requirement of an expired sentence. As such, his petition for habeas corpus relief cannot stand. However, the content of Hardley's petition demonstrates that his petition should be given consideration under our post-conviction rules.

 Hardley's petition clearly stated that his parole was improperly revoked because he was not given notice of his alleged violations. In support, Hardley attached the June 18 notification document he received from the Board, which does not specify any of Hardley's alleged parole violations. If Hardley had otherwise not been informed by the Board of his alleged

parole violations, then Hardley is correct that the Board's revocation of his parole was constitutionally impermissible. *See, e.g., Isaac v. State*, 605 N.E.2d 144, 148 (Ind.1992) ("There are certain due process rights, of course, which inure to a probationer at a revocation hearing. These include written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and present evidence, the right to confront and cross-examine adverse witnesses, and a neutral and detached hearing body.") (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)), *cert. denied*, 508 U.S. 922, 113 S.Ct. 2373, 124 L.Ed.2d 278 (1993).

The State correctly notes that Hardley's challenge was, properly, a request for post-conviction relief. We agree that Hardley's petition is an attack on the validity of his parole revocation and therefore should have been styled as a petition for post-conviction relief. The proper remedy for that dilemma was for the trial court to recognize substance over form and "treat the petition as one for post-conviction relief, based on the content of the petition, rather than the caption." *Partlow*, 756 N.E.2d at 980 (citing *Hawkins*, 268 Ind. at 140, 374 N.E.2d at 498). However, instead of taking that action, the trial court here dismissed Hardley's petition altogether. As such, we must reverse the trial court's decision.

Reversed and remanded for proceedings not inconsistent with this opinion.

ROBB, J., and MAY, J., concur.