**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 03 2013, 7:16 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**WILLIAM TEMPLE**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM TEMPLE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 33A01-1211-MI-533 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Kit C. Dean Crane, Judge
Cause No. 33C02-1209-MI-110

**July 3, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

William Temple appeals the trial court's order dismissing his "Petition for Writ of State Habeas Corpus Relief" following the revocation of his parole. Temple appears to challenge the validity of the revocation of his parole. We address a single dispositive issue on appeal, namely, whether Temple's petition for writ of habeas corpus should be treated as a petition for post-conviction relief.

We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

In 2007, Temple was sentenced to ten years on a conviction of child molesting, as a Class C felony, and he was released on parole in January 2011. In October 2011, Temple was arrested and charged with failure to register as a sex offender. And in February 2012, Temple pleaded guilty to failure to register as a sex offender and was sentenced accordingly.

Thereafter, on March 23, Temple verified that he had received a form entitled "Notification of Parole Violation Hearing," which notified him that he was accused of violating the following rule of his Parole Release Agreement: "#7 Criminal Conduct." Appellant's App. at 1. Temple pleaded guilty at the hearing on March 29, and his parole was revoked.

On September 6, 2012, Temple, pro se, filed a "Petition for Writ of State Habeas Corpus Relief" against the Superintendent of the New Castle Correctional Facility wherein he sought "immediate discharge from arbitrary revocation of parole, and all other just and proper relief in the premises." Id. at 16. The Superintendent filed a motion

to dismiss the petition, and Temple filed a motion for default judgment. On October 24, the trial court granted the motion to dismiss, and Temple filed a motion to correct error. The trial court denied Temple's motion to correct error. This appeal ensued.

**DISCUSSION AND DECISION**

In his petition, Temple requested habeas corpus relief. "The purpose of a writ of habeas corpus is to determine the lawfulness of custody or detention of the defendant and may not be used to determine collateral matters not affecting the custody process." Hardley v. State, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008) (citation omitted). A defendant is entitled to a writ of habeas corpus if he or she is unlawfully incarcerated and is entitled to immediate release. Id. (citation omitted). Proper claims under a petition for a writ of habeas corpus include allegations that the petitioner's sentence has expired, that he has been denied good time or credit time, or that he is seeking a correction of the beginning or end of his sentence. See Partlow v. Superintendent, 756 N.E.2d 978, 980 (Ind. 2001) (alteration in original). If a petitioner erroneously captions his action as a petition for a writ of habeas corpus rather than post-conviction relief, courts will frequently and properly treat the petition as one for post-conviction relief, based on the content of the petition, rather than the caption. Hardley, 893 N.E.2d at 743.

Here, Temple appears to challenge the sufficiency of the evidence supporting the revocation of his parole, and he appears to allege due process violations related to that proceeding. The remedy for an unlawful revocation of parole is filing a petition for post-conviction relief. See Ind. Post-Conviction Rule 1.1(a); Hardley, 893 N.E.2d at 743. Under Indiana Post-Conviction Rule 1(1)(c), "if a petitioner applies for a writ of habeas

3

corpus, in the court having jurisdiction of his person, attacking the validity of his conviction or sentence, that court shall under this Rule transfer the cause to the court where the petitioner was convicted or sentenced, and the latter court shall treat it as a petition for relief under this Rule." Consequently, rather than simply dismissing Temple's petition for writ of habeas corpus, the trial court in Henry County should have transferred the cause to the court where he was convicted and sentenced, namely, the Marion Superior Court. See Martin v. State, 901 N.E.2d 645, 647 (Ind. Ct. App. 2009); Appellant's App. at 34. For the foregoing reasons, we reverse the trial court's dismissal of Temple's petition for writ of habeas corpus and remand with instructions to transfer the cause to the court where he was convicted and sentenced.

Reversed and remanded with instructions.

BAILEY, J., and BARNES, J., concur.