**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT *PRO SE*:

**CHRISTOPHER WOOD**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CHRISTOPHER WOOD,                    )
                                     )
    Appellant-Petitioner,            )
                                     )
        vs.                   )    No. 33A01-1310-MI-430
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Respondent.             )

APPEAL FROM THE HENRY SUPERIOR COURT
The Honorable Kit C. Dean Crane, Judge
Cause No. 33C02-1308-MI-87

**January 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Appellant-Petitioner Christopher Wood is currently incarcerated following his guilty pleas to sexual misconduct with a minor and dissemination of material harmful to a minor. Wood filed a habeas corpus petition alleging that he was erroneously denied forty-nine days of presentencing credit time, a petition the trial court denied. Because Wood does not allege that he is entitled to immediate discharge, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

On January 28, 2013, Wood pled guilty to Class B felony sexual misconduct with a minor and Class D felony dissemination of material harmful to minors and received an aggregate sentence of eighteen years of incarceration, five of which were suspended to probation. On August 23, 2013, Wood filed a habeas corpus petition in Henry Circuit Court based on an alleged erroneous denial of credit time, which petition the trial court denied on September 3, 2013.

## DISCUSSION AND DECISION

Wood contends that the trial court erred in denying his request for a writ of habeas corpus. "Every person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." Ind. Code § 34-25.5-1-1. The purpose of a writ of habeas corpus is to determine the lawfulness of the defendant's detention. *Hardley v. State*, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008). A trial court must provide a writ of habeas corpus if a petitioner is unlawfully incarcerated and entitled to immediate release.

*Id*. Wood alleges only that he was erroneously denied forty-nine days of presentencing credit time, not that he is entitled to immediate discharge. As the Indiana Supreme Court has squarely held, "no court has jurisdiction to entertain a petition for habeas corpus unless it is alleged that the prisoner is entitled to immediate discharge." *Dunn v. Jenkins*, 268 Ind. 478, 479-80, 377 N.E.2d 868, 870 (1978). Even if Wood was entitled to the forty-nine days of credit time, he would not be eligible for immediate release. Consequently, the trial court correctly denied Wood's habeas corpus petition.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.