**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 17 2014, 10:22 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:
**CARRIE DOUGLAS**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:
**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CARRIE DOUGLAS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1310-CR-911 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION COUNTY SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
Cause No. CR87296F

**December 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

The trial court dismissed Carrie Douglas's petition for writ of habeas corpus after finding that it was actually a successive petition for post-conviction relief that Douglas had not received permission from this Court to file. On appeal, Douglas appears to argue that his sentence is erroneous because the trial court erred when it imposed the habitual-offender enhancement as a separate sentence, and that the trial court does not need this Court's permission to correct his sentence. Because we find that Douglas's petition was properly treated as a successive petition for post-conviction relief, and that Douglas has failed to follow the necessary procedure for filing such a petition, we affirm the trial court's dismissal of Douglas's petition.

**Facts and Procedural History**

In 1988, Douglas was convicted of rape as a Class A felony, criminal confinement as a Class B felony, and found to be a habitual offender.[1] Thereafter, Douglas was sentenced to "forty years for rape, twenty years for [criminal] confinement, and thirty years for being a habitual offender, with the sentences to be served consecutively." *Douglas v. State*, 800 N.E.2d 599, 603 (Ind. Ct. App. 2003), *reh'g denied*, *trans. denied*. On direct appeal, Douglas questioned the sufficiency of the evidence, the trial court's denial of his

---

[1] On direct appeal, this Court summarized the facts as follows:

> The evidence reveals that Douglas persuaded the victim to drive with him on an errand. He eventually drove her to a park and smoked marijuana and drank wine coolers with her. Douglas then asked the victim to have sexual intercourse with him, which she refused. In response, Douglas locked the car door, retrieved a knife from the glove compartment, and held it to her throat as he threatened to kill her. He then forced the victim to disrobe and engage in sexual intercourse with him in the car.

*Douglas v. State*, 800 N.E.2d 599, 603 (Ind. Ct. App. 2003) (quoting *Douglas v. State*, No. 49A02-8906-CR-300, mem. op. at 2, 567 N.E.2d 1206 (Ind. Ct. App. Mar. 5, 1991), *reh'g denied*, *trans. denied*).

motion for a new trial based on newly discovered evidence, the trial court's admission of evidence, and the effectiveness of assistance from trial counsel. *Id.* This Court held that all of Douglas's claims failed and affirmed his sentence and conviction. *See id.*

In 2002, Douglas filed a petition for post-conviction relief, which was denied, and this Court affirmed that denial. In 2009, this Court declined to authorize the filing of Douglas's successive petition for post-conviction relief. Thereafter, Douglas filed two motions to correct erroneous sentence—in 2010 and 2012—and a motion for declaratory judgment; in all three motions, Douglas challenged his sentence on grounds requiring the court to look beyond the face of the judgment into matters contained within the record. All three motions were dismissed as successive petitions for post-conviction relief that had not been authorized by this Court.[2]

In September 2013, Douglas filed a verified petition for writ of habeas corpus, which the trial court determined was actually a successive post-conviction petition in which Douglas was again challenging his sentence. The trial court dismissed his petition, finding that Douglas's petition did not comply with Post-Conviction Rule 1, Section 12, as Douglas had not received permission to file such a petition. Douglas now appeals from this dismissal.

---

[2] As noted in the State's brief, Douglas also appears to be trying to appeal the denial of his two previous motions to correct erroneous sentence and his motion for declaratory judgment in this appeal, but because he did not timely appeal those orders, he has waived these challenges. "In any event, [Douglas] could not raise claims of a single episode, double jeopardy, and *Apprendi* in a motion to correct erroneous sentence, as the trial court repeatedly found." Appellee's Br. p. 7 (citing Appellant's App. p. 6-7, 11-13; *Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008) & *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004)).

**Discussion and Decision**

Douglas appeals from the dismissal of his petition for writ of habeas corpus. On appeal, Douglas appears to argue that his sentence is erroneous, and that the trial court does not need to obtain permission from this Court to correct the sentence. A defendant is entitled to a writ of habeas corpus if he is unlawfully incarcerated and is entitled to immediate release. *Hardley v. State*, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008). We review the trial court's habeas decision for an abuse of discretion. *Id.* Without reweighing the evidence, this Court considers only that evidence most favorable to the judgment and reasonable inferences drawn therefrom. *Id.*

However, as stated by our Supreme Court: "One is entitled to habeas corpus only if he is entitled to his immediate release from custody. . . . A prisoner can only obtain a discharge through habeas corpus. He cannot obtain a modification of his commitment." *Hawkins v. Jenkins*, 268 Ind. 137, 139, 140, 374 N.E.2d 496, 498 (1978). Therefore, a petitioner attacking the validity of his sentence who does not allege that he is entitled to immediate release must file a petition for post-conviction relief in the court of conviction (rather than a petition for a writ of habeas corpus in the court in the county of incarceration). *See Hardley*, 893 N.E.2d at 743. Nevertheless, "if a petitioner erroneously captions his action as petition for a writ of habeas corpus rather than post-conviction relief, courts will frequently and properly treat the petition as one for post-conviction relief, based on the content of the petition, rather than the caption." *See id.* (citing *Hawkins*, 374 N.E.2d at 498); *see also* Ind. Post-Conviction Rule 1(1)(c) ("if a person applies for a writ of habeas corpus in the county where the person is incarcerated and challenges the validity of his . .

4

. sentence, that court shall transfer the cause to the court in which the conviction took place, and the latter court shall treat it as a petition for relief under this Rule.").

The trial court therefore properly treated Douglas's petition for writ of habeas corpus as a successive petition for post-conviction relief, since Douglas had previously filed for (and been denied) post-conviction relief. *See Douglas*, 800 N.E.2d 599. As such, Douglas was required to request a second, or successive, petition for post-conviction relief by submitting a properly and legibly completed Successive Post-Conviction Relief Rule 1 Petition Form in substantial compliance with the form appended to Post-Conviction Rule 1, to the Clerk of the Indiana Supreme Court, Indiana Court of Appeals, and Tax Court. *See* P-C.R. 1(12)(a). Then, the Court would authorize the filing of the petition *if* the petitioner established a reasonable possibility that the petitioner is entitled to post-conviction relief. *See* P-C.R. 1(12)(b) (emphasis added).

Here, Douglas did not follow the clear, proper procedure for filing a successive petition, and therefore we find that the trial court did not err in dismissing his petition.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.