## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 20 2015, 9:35 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

William D. Polansky
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kristin Garn
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William R. Koenig,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Wendy Knight,<br>*Appellee-Respondent.* | April 20, 2015<br><br>Court of Appeals Cause No.<br>48A02-1412-MI-866<br><br>Appeal from the Madison Circuit<br>Court<br>Cause No. 48C06-1409-MI-567<br><br>The Honorable Dennis D. Carroll,<br>Judge |

**Barnes, Judge.**

# Case Summary

William Koenig appeals the trial court's denial of his petition for writ of habeas corpus and immediate release. We affirm.

# Issue

Koenig raises one issue, which we restate as whether the trial court properly denied his petition for writ of habeas corpus and immediate release from the Department of Correction ("DOC").

# Facts

In 1991, Koenig was charged with several offenses in cause number 82C01-9104-CF-247 ("CF-247"). In 1992, Koenig was convicted of Class C felony battery, Class A felony attempted robbery, and Class A felony conspiracy to commit robbery. Koenig was sentenced to forty years on each of the Class A felonies and ordered to serve those sentences concurrently. He was sentenced to eight years on the battery conviction and ordered to serve that sentence consecutive to the other sentences, for a total sentence of forty-eight years. In 1998, in post-conviction relief proceedings, the battery conviction and its eight-year sentence were vacated on double jeopardy grounds, and Koenig's sentence was reduced to forty years.

As of January 5, 2005, the DOC calculated Koenig's projected release date to be October 20, 2008. On April 18, 2005, a hearing was held on a petition to modify Koenig's sentence, and the trial court approved an agreement to modify his sentence to thirty-two years. Because of credit time earned, Koenig was

eligible for immediate release, and he was released from the DOC on April 29, 2005.

[5]     On January 12, 2006, new charges were filed against Koenig in cause number 82D02-06010-FB-37 ("FB-37"). Koenig was then convicted of Class B felony possession of a handgun by a serious violent felon and sentenced to twelve years in the DOC.

[6]     On January 10, 2007, after a hearing, the parole board found Koenig guilty of violating parole in CF-247, revoked his parole, and ordered him to serve the balance of that sentence. Koenig was to begin serving the sentence on FB-37 after serving the remainder of the CF-247 sentence, which was just under four years.

[7]     On September 14, 2014, Koenig filed a petition for writ of habeas corpus and immediate release arguing he was not on parole for CF-247 when he committed the offense charged in FB-37 and should not have been required to serve the remainder of that sentence. He claimed that he finished serving his sentence for FB-37 on June 9, 2012, and was entitled to immediate release.

[8]     The State responded, arguing that Koenig's parole began when he was released on April 29, 2005, and that he was still on parole when the new charges were filed. On October 15, 2014, the trial court calculated Koenig's release date on CF-247 to be August 2, 2007, and concluded that, because he had not

completed his sentence, he was on parole when he committed the new offense.[1]
On November 13, 2014, Koenig filed a motion to correct error, which the trial
court denied. Koenig now appeals.

## Analysis

[9] "The purpose of a writ of habeas corpus is to determine the lawfulness of
custody or detention of the defendant and may not be used to determine
collateral matters not affecting the custody process." *Hardley v. State*, 893
N.E.2d 740, 742 (Ind. Ct. App. 2008). If a defendant is unlawfully incarcerated
and is entitled to immediate release, he or she is entitled to a writ of habeas
corpus. *Id.* "We review the trial court's habeas decision for an abuse of
discretion." *Id.*

[10] The parole statute in effect at the time Koenig committed the offenses charged
in CF-247 provided in part:

> (a) When a person imprisoned for a felony completes his fixed term of
> imprisonment, less the credit time he has earned with respect to that
> term, he shall be released:
>
> > (1) on parole; or
> >
> > (2) to the committing court if his sentence included a period of
> > probation.
>
> (b) *A person released on parole remains on parole from the date of his release*
> until his fixed term expires, unless his parole is revoked or he is
> discharged from that term by the Indiana parole board. In any event,

[1] The parties' agree that the trial court's calculation of Koenig's release date is incorrect. They also present other possible release dates based on credit time variations, but none of them are outcome determinative. Thus, for simplicity, we use these dates as the basis for our analysis.

> if his parole is not revoked, the parole board shall discharge him not more than one (1) year after the *date of his release*.

Ind. Code § 35-50-6-1 (1990) (emphases added).

[11] Koenig contends that, upon approval of the modification of his sentence from forty years to thirty-two years, his projected release date of October 20, 2008, should have changed to October 20, 2004, when taking into account credit time. He contends that the parole board could have subjected him to one year of parole beginning on the recalculated projected release date of October 20, 2004, and ending on October 19, 2005. Alternatively, Koenig argues that the parole board could have determined that his parole began on April 29, 2005, his actual release date, and allowed him to serve less one year on parole so that his term of parole ended on October 19, 2005. In either event, Koenig asserts that he would not have been on parole when he committed FB-37 in January 2006.

[12] We review a question of statutory interpretation de novo. *Bei Bei Shuai v. State*, 966 N.E.2d 619, 627 (Ind. Ct. App. 2012), *trans. denied*. In interpreting a statute, we first decide if the statute is ambiguous and, if it is not, we need not and do not interpret it, but instead apply its plain and clear meaning. *Id.* "We assume the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals." *Id.* at 628.

[13] The State asserts that, because Indiana Code Section 35-50-6-1(b) refers to the "*date of his release*," that date, not Koenig's projected release date, is the relevant date for determining when his parole began. I.C. § 35-50-6-1(b). We agree.

There simply is no statutory authority requiring parole to begin on a defendant's retroactive projected release date. Further, even if the parole board could have imposed a shorter term of parole, there was no statutory authority requiring it to do so. Nor is there any indication that Koenig had been discharged from parole prior to the commission of FB-37.

[14]     This conclusion is in keeping with the purpose of parole, which is "'to help individuals reintegrate into society as constructive individuals as soon as they are able, without being confined for the full term of the sentence imposed.'" *Harris v. State*, 836 N.E.2d 267, 272 (Ind. Ct. App. 2005) (quoting *Morrissey v. Brewer,* 408 U.S. 471, 477, 92 S. Ct. 2593, 2598 (1972)), *trans. denied.* If we were to adopt Koenig's argument, he would have effectively severed six months of his parole while still incarcerated. Moreover, because his sentence modification was not approved until April 18, 2005, it can hardly be said that the time he was incarcerated from October 20, 2004 until April 18, 2005 helped him integrate into society as a constructive individual.

[15]     We are mindful that in limited circumstances, a defendant serving consecutive sentences may be on parole for the first sentence while incarcerated on the consecutive sentence. *See, e.g., Mills v. State*, 840 N.E.2d 354, 360 (Ind. Ct. App. 2006); *Hannis v. Deuth*, 816 N.E.2d 872, 877 (Ind. Ct. App. 2004). However, these cases do not stand for the proposition that a defendant may be incarcerated while on parole for the *same* sentence and do not support Koenig's argument.

Koenig also argues that, because the DOC records did not accurately reflect his projected release date, it was not apparent to the parole board when his parole began. He also contends that had the modification been adjudicated earlier, he would have been released earlier. However, because of our conclusion that Koenig's parole began on the actual date of his release, April 29, 2005, these argument are unavailing.

Koenig's parole began on April 29, 2005, and there is no evidence that he had been discharged prior to his commission of FB-37. As such he has not established that he was erroneously required to serve the remainder of his sentence for CF-247. The trial court properly denied Koenig's petition for writ of habeas corpus and immediate release.

## Conclusion

Because Koenig's parole began on his release date, he was on parole when he committed the new offense, and the trial court properly denied his petition for writ of habeas corpus and immediate release. We affirm.

Affirmed.

Riley, J., and Bailey, J., concur.