## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 11 2015, 9:47 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Michael Nance
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Graham T. Youngs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Nance,
*Appellant,*

v.

Ron Neal,
*Appellee.*

June 11, 2015

Court of Appeals Cause No.
46A04-1409-MI-460

Appeal from the LaPorte Circuit Court
46C01-1409-MI-1654

The Honorable Thomas Alevizos, Judge

**Barnes, Judge.**

## Case Summary

Michael Nance appeals the trial court's denial of his petition for writ of habeas corpus. We affirm.

## Issue

Nance raises one issue, which we restate as whether the trial court properly denied his petition for a writ of habeas corpus.

## Facts

In 1999, Nance was charged with murder and was found guilty. The trial court sentenced him to sixty years in the Department of Correction. We affirmed Nance's conviction and sentence on direct appeal. *Nance v. State*, 49A05-0109-CR-402 (Ind. Ct. App. July 24, 2002). Nance filed a petition for post-conviction relief, which the post-conviction court denied. On appeal, we affirmed the denial of the petition for post-conviction relief. *Nance v. State*, 49A05-0311-PC-597 (Ind. Ct. App. Sept. 7, 2004), *trans. denied*.

In September 2014, Nance filed a petition for writ of habeas corpus in the LaPorte Circuit Court. Nance alleged that his Fifth Amendment rights were violated because he was not indicted by a grand jury. The LaPorte Circuit Court transferred Nance's petition to Marion County pursuant to Indiana Post-Conviction Rule 1(1)(c) because Nance was "attack[ing] the validity of his

conviction and/or sentencing."[1]  App. p. 4.  Despite the earlier transfer, the

LaPorte Circuit Court then denied Nance's petition as follows:

> Petitioner has alleged that he is entitled to immediate release because he was not charged by a grand jury.  However, the laws of the State of Indiana provide for charging by grand jury or by information.  Notwithstanding Petitioner's claim, nothing in the Indiana or United States Constitution prohibits this practice.  Therefore Petitioner's Petition must be denied.

App. p. 3.  On September 22, 2014, the Marion County Superior Court also

denied Nance's petition for writ of habeas corpus.  Nance does not appeal the

Marion County order; rather Nance now appeals the LaPorte Circuit Court's

order. [2]

# Analysis

Nance argues that the trial court erred by denying his petition for writ of habeas

corpus.  The purpose of a writ of habeas corpus is to determine the lawfulness

of custody or detention of the defendant and may not be used to determine

collateral matters not affecting the custody process.  *Hardley v. State*, 893 N.E.2d

740, 742 (Ind. Ct. App. 2008).  A defendant is entitled to a writ of habeas

corpus if he is unlawfully incarcerated and is entitled to immediate release.  *Id.*

We review the trial court's habeas decision for an abuse of discretion.  *Id.*

---

[1] This order does not appear on the CCS.

[2] Nance did not reference the Marion County order until his reply brief.

Without reweighing the evidence, we consider only that evidence most favorable to the judgment and reasonable inferences drawn therefrom. *Id.*

[6] A petitioner may not file a writ of habeas corpus to attack his conviction or sentence. *Martin v. State*, 901 N.E.2d 645, 647 (Ind. Ct. App. 2009). A petitioner attacking the validity of his conviction must file a petition for post-conviction relief in the court of conviction rather than a petition for a writ of habeas corpus in the court in the county of incarceration. *See Hardley*, 893 N.E.2d at 743. In general, "if a petitioner erroneously captions his action as petition for a writ of habeas corpus rather than post-conviction relief, courts will frequently and properly treat the petition as one for post-conviction relief, based on the content of the petition, rather than the caption." *Id.*; *see also* Ind. Post–Conviction Rule 1(1)(c) ("if a person applies for a writ of habeas corpus in the county where the person is incarcerated and challenges the validity of his . . . sentence, that court shall transfer the cause to the court in which the conviction took place, and the latter court shall treat it as a petition for relief under this Rule.").

[7] On appeal, Nance argues that his conviction violates the United States Constitution because he was not indicted by a grand jury. Nance made the same argument in his petition for writ of habeas corpus, and the argument is an attack on the validity of his conviction. Consequently, Nance should have presented these arguments in a petition for post-conviction relief. However, Nance previously filed a petition for post-conviction relief, which was unsuccessful. Under Post–Conviction Rule 1(12), a petitioner must file, with

the Clerk of the Indiana Supreme Court and Indiana Court of Appeals, a petition seeking permission to file a successive post-conviction petition as well as a proposed successive petition for post-conviction relief. *See* P-C.R. l(12)(a). If a petitioner establishes a "reasonable possibility that [he] is entitled to post-conviction relief," this Court will authorize the filing of the successive post-conviction petition, which is then filed in the court where the petitioner's first post-conviction relief petition was adjudicated. P-C.R. 1(12)(b), (c).

Nance was required to request permission to file a second, or successive, petition for post-conviction relief, but he did not follow the proper procedure for filing a successive petition. Although the trial court denied the petition on a different basis, we conclude that the trial court did not err by denying Nance's petition for writ of habeas corpus.

## Conclusion

The trial court properly denied Nance's petition for writ of habeas corpus. We affirm.

Affirmed.

Riley, J., and Bailey, J., concur.