## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 10 2016, 7:06 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

James E. Manley
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James E. Manley,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Keith Butts and Geo Group, Inc.,<br>*Appellees-Respondents.* | February 10, 2016<br><br>Court of Appeals Case No.<br>33A05-1509-MI-1502<br><br>Appeal from the Henry Circuit Court<br><br>The Honorable Kit C. Dean Crane, Judge<br><br>Trial Court Cause No.<br>33C02-1507-MI-101 |

**Mathias, Judge.**

[1]     James E. Manley ("Manley") appeals the Henry Circuit Court's dismissal of his petition for a writ of habeas corpus. On appeal, Manley claims that the trial

court erred in dismissing his petition because Keith Butts ("Butts") and Geo Group, Inc. ("Geo Group") (collectively "the Defendants") do not have lawful custody of Manley.

[2] We affirm.

## Facts and Procedural History

[3] In 1997, Manley was convicted of four counts of child molesting and sentenced to a fifty-five year executed sentence. Manley was initially incarcerated in the Monroe County Jail, but after receiving his executed sentence, he was transferred to the Indiana Department of Correction ("DOC") at the Reception and Diagnostic Center in 1998. From there, he was transferred to the Indiana State Prison in Michigan City, where he was incarcerated for approximately ten years. In 2008, Manley was transferred to the Miami Correctional Facility in Bunker Hill, Indiana. In 2014, he filed a complaint in federal court against three DOC employees at the Miami Correctional Facility claiming a violation of his civil rights. Shortly thereafter, Manley was transferred to the New Castle Correctional Facility in New Castle, Indiana. The New Castle Correctional Facility is operated by Geo Group, a private corporation, under contract with the DOC.

[4] On July 24, 2015, Manley filed a petition for a writ of habeas corpus in the trial court. In his petition, Manley claimed no authority allows Geo Group or Butts, the warden employed by Geo Group, to have custody of Manley as an inmate at the DOC. Four days later, the trial court directed the Attorney General of

Indiana to file a response within thirty days. On August 27, 2015, the Attorney General's office filed its response. Thereafter, on September 1, 2014, the trial court issued an order dismissing Manley's petition, which provides in relevant part:

> This matter is before the Court on the petition of James E. Manley, pro se, and Respondent Keith Butts' response to the petition.
>
> The Respondent has established that Petitioner's confinement at New Castle Correctional Facility is in accordance with all applicable laws.
>
> It is therefore ORDERED, ADJUDGED and DECREED by the Court that the cause of action herein should be and the same is hereby DISMISSED.

Appellant's App. p. 19. Manley now appeals.

## Standard of Review

Indiana Code section 34-25.5-1-1 provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." "The purpose of a writ of habeas corpus is to determine the lawfulness of custody or detention of the defendant and may not be used to determine collateral matters not affecting the custody process." *Hardley v. State*, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008). "A petitioner is entitled to habeas corpus only if he is entitled to his immediate release from

unlawful custody." *Id*. "We review the trial court's habeas decision for an abuse of discretion." *Id*.

## Discussion and Decision

[6] Manley claims that the the Defendants are without legal authority to have custody of him. This claim is without merit. Indiana Code section 11-8-3-1 provides in relevant part:

> (a) The department [of correction] may contract with any city, county, state, or federal authority, *or with other public or private organizations*, for:
>
>> (1) the *custody*, care, *confinement*, or treatment of committed persons; or
>>
>> (2) the provision of other correctional or related services to committed persons.
>
> (b) Before transferring a committed person to the custody, care, or control of an agency or organization under such a contract, the department must approve the receiving facility or program as suitable for the supervision and care of the person. . . .

(emphases added).

[7] The plain language of this statute clearly provides that the DOC may contract with a private organization for the custody and confinement of inmates committed to the DOC.

[8] Manley, however, argues that Section 11-8-3-1 applies only to contracts for medical treatment of inmates. He claims that this Section 11-8-3-1 is under the "medical care chapter of Article 8." Appellant's Br. at 4. We are not sure what

Manley is referring to in this argument. Chapter 3 of Article 8 of Title 11 of the Indiana Code is titled "Contracts and Payment for Correctional Services." Indeed, our search of Chapter 3 reveals no reference to the word "medical" in that Chapter.[1]

[9] Manley further claims that, if the General Assembly intended Section 11-8-3-1 to apply generally, then it would render Section 11-8-3-2 meaningless. However, as discussed in note 1, *supra*, Section 2 gives DOC the authority to contract with a city, county, state, other state, or federal authority to *receive* offenders committed to those authorities and to charge for such.

[10] Manley's citation to Indiana Code section 11-10-6-11 is also unavailing. This statute provides: "The department may contract with private persons or businesses, or governmental agencies and political subdivisions of the state, for the management of any industry and farm program or activity operated for the employment of offenders." This clearly deals with programs and activities operated for the *employment* of offenders. A general application of Section 11-8-3-1 does not render this more specific statute meaningless or superfluous.

---

[1] Chapter 3 is relatively short. It contains only Section 1, quoted in part above, which allows the DOC to contract for the custody, care, confinement, or treatment of inmates, and Section 2, which allows the DOC to enter into contracts to receive inmates from "any city, county, state, other state, or federal authority" and to charge fees commensurate to its costs for such inmates. *See* Ind. Code § 11-8-3-2. Former Section 3, which related to payment of a per diem to counties for misdemeanants kept at a local facility, was repealed in 1999. *See* Ind. Pub. Law 242-1999 § 11.

[11] Given the clear and unambiguous language of these statutes, we reject Manley's contention that these statutes must be construed against the State and are void for vagueness.

[12] Manley next attacks the Defendants' argument that a trial court is without authority to place inmates in any particular facility. However, it is well established that placement decisions and the nature of incarceration are exclusively within the control of the DOC: "The determination of the locale for incarceration is a function vested by the legislature in the Department of Correction[ ]." *Barnes v. State*, 435 N.E.2d 235, 242 (Ind. 1982); *accord Parker v. State*, 542 N.E.2d 1026, 1030 (Ind. Ct. App. 1989); *see also Albright v. State*, 463 N.E.2d 270, 272 (Ind. 1984) ("[T]he selection of a site for incarceration and the nature of that incarceration are matters within the domain of the Department of Correction.").[2]

[13] Nevertheless, Manley argues that he is not challenging his incarceration at the New Castle Correctional Facility but is instead challenging the authority of the Defendants to hold him in custody. First, this is not what Manley alleged in his petition for a writ of habeas corpus, in which he specifically alleged that the DOC had effectively discharged him and that he was "entitled to his immediate release from unlawful detention." Appellant's App. p. 3. Moreover, we have

---

[2] Because trial courts have no authority with regard to which particular institution an inmate is confined, Manley's argument that trial courts have discretion to determine such placement akin to that courts possess in determining child custody placement is not well taken.

already determined above that the DOC does have authority to contract with the Defendants for the custody and care of inmates such as Manley.

## Conclusion

[14] Indiana Code section 11-8-3-1 clearly gives the DOC authority to enter into contracts with private parties, such as the Defendants, to provide for the custody, care, confinement, or treatment of inmates committed to the DOC. Accordingly, Manley is not being improperly held in the custody of the Defendants at the New Castle Correctional Facility, and the trial court properly dismissed his petition for a writ of habeas corpus.

[15] Affirmed.

Kirsch, J., and Brown, J., concur.