# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 29 2018, 6:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Toby D. Johnson
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kelly A. Loy
Supervising Deputy
Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Toby D. Johnson,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | November 29, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1177<br><br>Appeal from the Tippecanoe<br>Superior Court<br><br>The Honorable Steven P. Meyer,<br>Judge<br><br>Trial Court Cause Nos.<br>79D02-0402-MR-1<br>79D02-1312-PC-18 |

**Robb, Judge.**

# Case Summary and Issue

[1] In June 2005, Toby Johnson pleaded guilty to murder and criminal confinement. After a direct appeal, his original sentence of eighty years in the Indiana Department of Correction ("DOC") was reduced to sixty-five years. In 2018, Johnson filed a petition for habeas corpus. On the State's motion, the trial court dismissed the petition as an unauthorized successive petition for post-conviction relief. Johnson appeals the trial court's decision, raising several issues for our review that we consolidate and restate as one: whether the trial court erred in dismissing his petition. Concluding the trial court properly dismissed the petition as an unauthorized successive petition for post-conviction relief, we affirm.

# Facts and Procedural History

[2] After Johnson pleaded guilty to murder and criminal confinement in Tippecanoe County in 2005, he was sentenced to sixty-five years for murder and fifteen years for criminal confinement, to be served consecutively. Johnson appealed. On remand, at this court's direction, the trial court revised Johnson's sentence to concurrent terms for a total sentence of sixty-five years. In 2013,[1] Johnson filed a petition for post-conviction relief that was denied by the post-conviction court on April 15, 2015. Johnson filed a timely notice of appeal and

---

[1] Johnson filed his first petition for post-conviction relief in 2006, but subsequently withdrew the petition.

then filed a motion for leave to file a belated brief. His motion was granted, and he was ordered to file his appellant's brief by September 7, 2015. On June 1, 2017, this court issued an order noting no appellant's brief had been filed and dismissing the appeal with prejudice. Johnson then filed a motion to file a belated appeal which this court denied on September 29, 2017.

[3] On November 22, 2017, Johnson petitioned for permission to file a successive petition for post-conviction relief. On January 4, 2018, this court denied the petition because Johnson had failed to establish a reasonable probability that he is entitled to post-conviction relief.[2]

[4] On March 16, 2018, Johnson filed a petition for writ of habeas corpus in LaPorte Circuit Court, alleging he was incarcerated at the Indiana State Prison in Michigan City and challenging the validity of his guilty plea and sentence. On the State's motion, the case was transferred to Tippecanoe Superior Court as the sentencing court. On April 24, 2018, the Tippecanoe Superior Court dismissed Johnson's petition, finding it to be an unauthorized successive petition for post-conviction relief. Johnson now appeals.

# Discussion and Decision

---

[2] On January 19, 2018, Johnson filed a petition for habeas relief in the United District Court for the Northern District of Indiana which was dismissed as untimely on February 1, 2018. *See* Appellant Appendix, Volume 2 at 64-86.

Indiana Code section 34-25.5-1-1 provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." "The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint." *Love v. State*, 22 N.E.3d 663, 664 (Ind. Ct. App. 2014), *trans. denied*. A petitioner is entitled to habeas corpus only if he is unlawfully incarcerated and entitled to immediate release from custody. *Hardley v. State*, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008). We review the trial court's habeas decision for an abuse of discretion. *Id.*

Here, it is apparent that Johnson is challenging the validity of his convictions and sentence. *See* Appellant Brief at 11-12 (including as issues for appeal that he was wrongfully denied his right to trial by jury, that his guilty plea was coerced and involuntary, that he was wrongfully denied his right to withdraw his guilty plea, and that dismissal of the appeal from the denial of post-conviction relief was through no fault of his own). However, "a petitioner may not file a writ of habeas corpus to attack his conviction or sentence." *Love*, 22 N.E.3d at 664. "[A] trial court does not have jurisdiction to entertain a petition for a writ of habeas corpus inasmuch as petitioner [is] serving time under a proper commitment, his sentence [has] not expired and he [has] not been denied good time or credit time . . . [and h]e is not seeking a correction of the beginning or the end of his sentence." *Hardley*, 893 N.E.2d at 742-43 (quotation omitted, alterations in original). Instead, a petitioner attacking the validity of

his conviction or sentence must file a petition for post-conviction relief in the court of conviction. *Id.* at 743. When a petitioner erroneously captions his action as a petition for writ of habeas corpus, courts properly treat the petition as one for post-conviction relief based on the content of the pleading rather than the caption. *Id.*

[7] That is what occurred here. Johnson filed his petition in the county of his incarceration, but that court determined Johnson's petition was attacking the validity of his sentence. The case was therefore transferred to the county of his conviction to be treated as a petition for post-conviction relief pursuant to Indiana Post-Conviction Rule 1(1)(c), which states:

> [I]f a person applies for a writ of habeas corpus in the county where the person is incarcerated and challenges the validity of his conviction or sentence, that court shall transfer the cause to the court in which the conviction took place, and the latter court shall treat it as a petition for relief under this Rule.

However, Johnson has already filed a petition for post-conviction relief that was decided on the merits.[3] In such a case, the petitioner must follow the procedure found in Post-Conviction Rule 1(12) for successive petitions. *Currie v. State*, 82 N.E.3d 285, 287 (Ind. Ct. App. 2017). Under that rule, the petitioner must file with the Clerk of the Indiana Supreme Court, Indiana Court of Appeals, and

---

[3] Johnson's original petition for post-conviction relief was denied on the merits by the post-conviction court. Johnson's purported appeal of that decision was dismissed because two years after filing a notice of appeal, he had not filed an appellant's brief. The case was therefore litigated to its conclusion even though no appeal on the merits was completed because of Johnson's procedural default.

Tax Court, a petition seeking permission to file a successive petition for post-conviction relief as well as a copy of the proposed petition. Ind. Post-Conviction Rule 1(12)(a). The appellate court will then consider the petition and authorize the filing of such petition "if the petitioner establishes a reasonable possibility that the petitioner is entitled to post-conviction relief." P-C.R. 1(12)(b).

[8] Johnson previously requested permission to file a successive petition for post-conviction relief and was denied. He did not file a petition seeking to file a successive petition this time, instead filing a petition he styled as a petition for writ of habeas corpus but failing to demonstrate the right to immediate release. Thus, upon receiving Johnson's habeas corpus petition and treating it as a post-conviction petition, the trial court properly dismissed Johnson's petition because it was an unauthorized successive petition.

# Conclusion

[9] Because Johnson has already completed a post-conviction proceeding and filed a second petition challenging his conviction and sentence without receiving authorization to file the petition, we affirm the trial court's dismissal of Johnson's petition as an unauthorized successive petition for post-conviction relief.

[10] Affirmed.

Baker, J., and May, J., concur.