## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 30 2020, 9:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEES |
| --- | --- |
| Anthony Padgett<br>New Castle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | Monika Prekopa Talbot<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Anthony Padgett,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Keith Butts (Warden of New Castle Correctional Facility), et al.,<br>*Appellees-Respondents* | January 30, 2020<br><br>Court of Appeals Case No.<br>19A-MI-1092<br><br>Appeal from the Henry Circuit Court<br><br>The Honorable Kit C. Dean Crane, Judge<br><br>Trial Court Cause No.<br>33C02-1809-MI-159 |

**Baker, Judge.**

On July 30, 2014, Anthony Padgett was released to parole for his conviction for Class C felony child molesting. Following a February 9, 2017, revocation hearing, the parole board found that Padgett had violated two conditions of his parole and thereby revoked it. Padgett subsequently filed a petition for writ of habeas corpus, which the trial court denied. Now, Padgett appeals the trial court's denial, arguing that (1) his due process rights were violated during the parole revocation proceedings; (2) the trial court should have treated his petition for writ of habeas corpus as a petition for post-conviction relief; and (3) consequently, the trial court should have granted his petition for post-conviction relief because the conditions of his parole violated his constitutional rights. Finding that there was no due process violation but that the trial court should have treated Padgett's petition for writ of habeas corpus as a petition for post-conviction relief, we reverse and remand for further proceedings.

## Facts

Padgett has a long and storied history with the criminal justice system. He was convicted of Class C felony child molesting in March 1987 and again in August 1995. In October 2005, he was once again convicted of Class C felony child molesting and was sentenced to an aggregate term of twenty years.

On July 30, 2014, Padgett was released to parole and was required to sign a conditional parole release agreement. Per the agreement's stipulations, Padgett was not allowed to have contact with any minors and was not allowed to engage in an intimate relationship without prior approval. *See generally*

Appellant's App. Vol. II p. 10-11. Additionally, Padgett agreed to allow his "supervising officer or other authorized officials of the Department of Correction to visit [his] residence and place of employment at any reasonable time." *Id.* at 9.

On December 30, 2016, two parole officers and the Indiana State Police conducted a search of Padgett's home and discovered "a calendar with infants on it, over a dozen condoms and 2 bottles of personal lubricant[.]" *Id.* at 91. The officers then searched through Padgett's phone and found numerous text messages sent by Padgett to a woman, telling her to "bring themself [sic] and their kids to his house." *Id.* The officers called the woman, who told them that she and her children had been at Padgett's home a few times. They then confiscated the phone and took Padgett into custody.

On January 3, 2017, the State alleged that Padgett had violated two conditions of his parole—namely, that Padgett had been in contact with minors and that he had engaged in an intimate relationship without prior approval. That same day, Padgett waived his right to a preliminary hearing and admitted to both parole violations. Padgett then changed his mind. After allowing Padgett to change his admission to a denial, the parole board conducted a final parole revocation hearing on February 9, 2017, following which it made findings of fact:

> Rule #10(4): Contact with Minors
>
> > [Padgett's] Phone was searched and it was discovered on 12/30/2016 that a female friend per her own admittance

had brought her children around [Padgett], not knowing his crime. Text messages on [Padgett's] phone show [Padgett] asking her to bring the kids over with her.

Rule #10(19): Unapproved Relationship

Per search of [Padgett's] phone, [Padgett] had started a relationship with a female co-worker, giving her money for her kids Christmas and telling her that he loves her and could not be happier than he is with her. [Padgett's] co-worker also has children under the age of 18 living with her.

All of the above occurred while [Padgett] was a parolee.

*Id.* at 17-18 (emphases omitted). On February 17, 2017, the parole board found that Padgett had violated the conditions of his parole and ordered that he be reincarcerated. His earliest possible release date is January 27, 2021.

[6] On September 18, 2018, Padgett filed a petition for writ of habeas corpus, which the trial court denied on February 6, 2019. Then, on February 19, 2019, Padgett filed a motion to correct error, which the trial court also denied on April 3, 2019. Padgett now appeals.

# Discussion and Decision

[7] Padgett raises three arguments on appeal: (1) his due process rights were violated during the parole revocation proceedings; (2) the trial court should have treated his petition for writ of habeas corpus as a petition for post-conviction relief; and (3) consequently, the trial court should have granted his petition for post-conviction relief because the conditions of his parole violated his constitutional rights.

## *Due Process*

[8]     First, Padgett argues that his due process rights were violated during the parole revocation proceedings. Padgett only vaguely contends that "[h]e was not afforded those [due process] rights when the Indiana Parole Board held his revocation hearing." Appellant's Br. p. 10. "Whether the requirements of due process have been satisfied is a question of law; therefore, we review the issue de novo." *Art Hill, Inc. v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 898 N.E.2d 363, 367 (Ind. Ct. App. 2008).

[9]     "As a general rule, defendants facing potential parole revocation are entitled to a number of procedural due process rights[.]" *Komyatti v. State*, 931 N.E.2d 411, 416 (Ind. Ct. App. 2010). Such rights include:

> written notice of the parole violation charges; disclosure of the evidence against the parolee; an opportunity to be heard in person and to present evidence; the right to confront and cross-examine adverse witnesses; a "neutral and detached" parole hearing board; and a written statement by the board of the evidence relied upon and the reasons for revoking parole. Parolees also are entitled to a two-stage revocation procedure: (1) a preliminary hearing to determine whether there is probable cause to believe that the parolee has committed acts that would constitute a violation of parole conditions; and (2) a final revocation hearing prior to the final decision on revocation to consider whether the facts as determined warrant revocation.

*Id.* (internal citations omitted); *see also Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

[10]     Here, Padgett waived his right to a preliminary hearing on January 3, 2017. *See* Appellant's App. Vol. II p. 40. While the parole board later allowed Padgett to change his admission to a denial, there is no dispute—and Padgett does not argue to the contrary—that Padgett waived his right to this hearing. On the waiver form, Padgett even acknowledged that he "specifically preserve[d]" the due process rights for the final revocation hearing that he was waiving for the preliminary hearing. *Id.* Accordingly, there was no due process violation in this respect.

[11]     Then, with regards to the final revocation hearing, Padgett was given the opportunity to speak on his own behalf, to confront and cross-examine adverse witnesses, to present evidence, and to have his case heard before a neutral and detached parole hearing board. In its findings of fact, the parole board noted that Padgett had been provided notice of the alleged violations and of the date of the final revocation hearing. *See id.* at 38-39. Further, the parole board cited multiple documents upon which it relied as evidence to determine that Padgett had, in fact, violated the conditions of his parole. Such evidence included the parole release agreement, the parole violation report, the parole case notes, the preliminary hearing waiver, the preliminary hearing minutes, alcohol test results, drug test results, documents detailing Padgett's pleas, and more. *Id.* at 38.

[12]     In other words, at every step of the proceedings, the parole board safeguarded Padgett's due process rights. Though Padgett claims that he was entitled to "more in this case," appellant's br. p. 10, we have difficulty identifying exactly

what more the parole board could have done to ensure that his due process rights would be protected. Accordingly, we find that there was no due process violation.

### Habeas Corpus v. Post-Conviction Relief

[13] Next, Padgett argues that the trial court should have treated his petition for writ of habeas corpus as a petition for post-conviction relief.

[14] Pursuant to Indiana Code section 34-25.5-1-1, "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." However, trial courts do not have jurisdiction to entertain petitions for writ of habeas corpus if the petitioner is serving time under a proper commitment, his sentence has not expired, he has not been denied good time or credit time, and he does not seek a correction of the beginning or end of his sentence. *Hardley v. State*, 893 N.E.2d 740, 742-43 (Ind. Ct. App. 2008).

[15] Here, Padgett is serving time under a proper commitment (he does not challenge the nature of his conviction or sentence), his current sentence has not expired (and will not expire until, at the earliest, January 27, 2021), he has not been denied good time or credit time, and he does not seek a correction of the beginning or end of his sentence. Padgett "is challenging the revocation of his parole and is not claiming that he is entitled to immediate release, which is a requirement for habeas relief." *Grayson v. State*, 58 N.E.3d 998, 1001 (Ind. Ct.

App. 2016). The State even concedes that "the trial court did not have authority to entertain the petition for a writ of habeas corpus." Appellee's Br. p. 8.

[16]    In sum, we find that Padgett incorrectly filed a petition for writ of habeas corpus, and subsequently, that the trial court did not have the authority to hear his petition. The proper remedy is to "recognize substance over form" and treat Padgett's erroneous petition for writ of habeas corpus as a petition for post-conviction relief. *Hardley*, 893 N.E.2d at 743; *see also* Ind. Post-Conviction Rule 1(1)(a)(5).

[17]    Pursuant to Indiana Post-Conviction Rule 1(1)(c), the trial court hearing the petition for writ of habeas corpus "shall transfer the cause to the court in which the conviction took place, and the latter court shall treat it as a petition for relief under this Rule." Padgett is currently incarcerated in the New Castle Correctional Facility in Henry County, so his case should be transferred to the Sullivan County trial court to rule on the merits of Padgett's petition for post-conviction relief.

### *Constitutional Rights*

[18]    Finally, Padgett argues that the trial court should have granted his petition for post-conviction relief because the conditions of his parole violated his constitutional rights. Because we have already decided that the trial court should have treated Padgett's petition for writ of habeas corpus as a petition for post-conviction relief and transferred it to the proper court, the issues that Padgett raises are not yet ripe for review. It will be for the Sullivan County trial

court to rule on Padgett's petition. Any argument by the State that we should proceed and dismiss the merits of Padgett's constitutional claims as if they were part of a petition for post-conviction relief is premature, at best.

[19] The judgment of the trial court is reversed and remanded for further proceedings.

Riley, J., and Brown, J., concur.