# FOR PUBLICATION

APPELLANT PRO SE:

**EDDIE G. LOVE**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

**FILED**
Nov 26 2014, 6:16 am

**CLERK**
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| EDDIE G. LOVE, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 20A03-1406-CR-201 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-0602-FB-12

**November 26, 2014**

**OPINION - FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

Eddie G. Love appeals from the trial court's order denying his petition for writ of habeas corpus. Concluding that the trial court did not err by denying Love's request, a claim which is barred by *res judicata*, we affirm.

## FACTS AND PROCEDURAL HISTORY

This appeal represents Love's most recent attempt to collaterally attack his conviction after a jury trial for two counts of Class B felony dealing in cocaine. His conviction was affirmed on direct appeal in a memorandum decision. *See Love v. State*, Cause No. 20A03-0703-CR-160 (Ind. Ct. App. Oct. 30, 2007), *trans. denied*. Likewise, the post-conviction court's denial of Love's petition for post-conviction relief alleging ineffective assistance of counsel for failure to challenge his allegedly illegal arrest, was affirmed on direct appeal. *See Love v. State*, Cause No. 20A03-1002-PC-76 (Ind. Ct. App. Jan. 18, 2011), *trans. denied*.

While Love's petition for post-conviction relief was pending with the trial court, Love filed a petition for writ of habeas corpus in the county of his incarceration. That petition was transferred, pursuant to Indiana Post-Conviction Relief Rule 1, §1(c), to the county in which Love's conviction took place. The petition was denied, however, while Love's petition for post-conviction for relief was pending. Love filed three requests to file a successive petition for post-conviction relief, each of which this Court declined to authorize. *See* Cause Nos. 20A04-1212-SP-637; 20A03-1309-SP-381; and 20A04-1312-SP-639. Love's *pro se* verified petition for writ of mandamus and prohibition, which he filed with the Indiana Supreme Court, was dismissed.

On March 25, 2013, Love filed a *pro se* motion for relief from judgment or order asking the trial court to vacate his conviction. The trial court denied Love's motion as well as the subsequent motion to correct error Love filed *pro se*. In yet another attempt to challenge the legality of his arrest, despite the adverse decisions and the attendant denials on transfer, Love, *pro se*, filed another petition for state writ of habeas corpus in the county of his incarceration. That petition was transferred to the county where Love's conviction took place. Love's claim was rejected again, on *res judicata* grounds, by the trial court after a hearing on Love's claim. Love now appeals this most recent decision pertaining to the legality of his arrest.

## DISCUSSION AND DECISION

We do not reach the merits of Love's claim as the issue has been resolved against him numerous times as set forth above. Love appeals from the denial of his petition for writ of state habeas corpus. Therefore, the issue on appeal should be whether the trial court erred by denying Love's petition. Indiana Code section 34-25.5-1-1 (1998) provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." "The purpose of the writ of *habeas corpus* is to bring the person in custody before the court for inquiry into the cause of restraint." *Partlow v. Superintendent, Miami Corr. Facility*, 756 N.E.2d 978, 980 (Ind. Ct. App. 2001), *superseded by statute on other grounds as stated in Paul v. State*, 888 N.E.2d 818, 826 (Ind. Ct. App. 2008), *trans. denied*. "One is entitled to habeas corpus only if he is entitled

3

to his immediate release from unlawful custody." *Id*. "[A] petitioner may not file a writ of habeas corpus to attack his conviction or sentence." *Id*.

Love's claims have already been decided and judicial review of his conviction and sentence has been pursued to the fullest. "The doctrine of res judicata bars litigating a claim after a final judgment has been rendered in a prior action involving the same claim between the same parties or their privies." *Money Store Inv. Corp. v. Summers*, 909 N.E.2d 450, 460 (Ind. Ct. App. 2009). "The principle behind the doctrine is the prevention of repetitive litigation of the same dispute." *Id*. Love's claims are barred by *res judicata*, and we affirm the trial court's decision in all respects.

We note that the Indiana Constitution article 1 section 12, our open courts clause, provides that all courts shall be open and that a remedy is to be afforded according to the law. That said, there are reasonable remedies available to trial courts when abusive litigation tactics, which deplete judicial resources, are used. In *Zavodnik v. Harper*, 17 N.E.3d 259, 268-69 (Ind. 2014), the Supreme Court discussed the imposition of reasonable restrictions, which may be imposed on any abusive litigant, including those who proceed *pro se*, and set forth examples of those restrictions. In the event Love continues to challenge his conviction at the trial court level, the *Zavodnik* opinion may be a helpful resource for the trial court.

Should Love appeal from any decision involving his conviction, his notice of appeal shall include a list of all cases previously filed involving the same, similar, or related cause of action and the citations to the decisions rendered in the appeals from those cases.

CONCLUSION

4

In light of the foregoing, we affirm the trial court's decision.

Affirmed.

MAY, J., and BROWN, J., concur.