

**FILED**

Apr 20 2016, 8:24 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Eddie G. Love
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eddie G. Love,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 20, 2016<br><br>Court of Appeals Case No.<br>20A05-1509-CR-1327<br><br>Appeal from the Elkhart Circuit<br>Court<br><br>The Honorable Terry C.<br>Shewmaker, Judge<br><br>Trial Court Cause No.<br>20C01-0602-FB-12 |

**Bailey, Judge.**

# Case Summary

[1] Eddie G. Love ("Love") appeals the denial of his petition for *habeas corpus* and motion to dismiss from the Elkhart Circuit Court, raising several issues for our review. Because we conclude that Love improperly filed a successive petition for post-conviction relief without permission from this Court in accordance with Indiana Post-Conviction Rule 1(12), we remand to the Elkhart Circuit Court with instructions to dismiss Love's claims.[1]

# Facts and Procedural History

[2] On February 17, 2006, Love was charged with two counts of dealing in cocaine, class B felonies under the criminal code at that time.[2] A jury found Love guilty on both counts, and the trial court sentenced Love to eighteen years in prison. Love appealed the judgment; this Court affirmed on October 30, 2007. *Love v. State*, No. 20A03-0703-CR-160, slip op. at 3 (Ind. Ct. App. Oct. 30, 2007), *trans. denied.*

[3] On June 3, 2008, Love filed a petition for post-conviction relief, which he amended on February 19, 2009. (App. at 5-6.) During the pendency of this proceeding, Love filed a petition for *habeas corpus* on December 4, 2009, which

---

[1] We do not disturb the order for sanctions.

[2] Ind. Code § 35-48-4-1. The Indiana General Assembly recently revised the substantive provisions of this state's criminal statutes. We refer here to the substantive criminal provisions in effect at the time of Love's trial and conviction.

was denied by the court as it was considering his petition for post-conviction relief. (App. at 13.) Love's post-conviction relief petition was denied on January 27, 2010. Love appealed, and we affirmed on January 18, 2011. *Love v. State,* No. 20A03-1002-PC-76, slip op. at 7 (Ind. Ct. App. Jan. 18, 2011), *trans. denied.*

[4]     Subsequently, Love filed a petition for *habeas corpus* in federal court alleging ineffective assistance of counsel. This petition was denied and the federal district court refused to certify an appeal on September 10, 2012. *Love v. Superintendent, Indiana State Prison*, No. 3:11-CV-167 JD, 2012 WL 4017796 (N.D. Ind. Sept. 10, 2012).

[5]     Love again sought post-conviction relief. On February 13, 2013, this Court denied permission to file a successive petition. Nonetheless, "Love filed three requests to file a successive petition for post-conviction relief, each of which this Court declined to authorize. *See* Cause Nos. 20A04–1212–SP–637; 20A03–1309–SP–381; and 20A04–1312–SP–639." *Love v. State*, 22 N.E.3d 663, 664 (Ind. Ct. App. 2014), *trans. denied.* When Love was last before this Court in 2014, we denied his appeal, directed the trial court to consider sanctions for future barred claims, and required that Love list all of his cases in future appeals. *Love*, 22 N.E.3d at 664-65.

[6]     On April 4, 2014, Love filed a petition for a writ of *habeas corpus* in LaPorte County, where he was incarcerated. (App. at 47-48.) He amended his petition in March, 2015. (App. at 54-56). On June 1, 2015, the case was transferred to

the Elkhart Circuit Court. (App. at 63.) On July 30, 2015, in open court, Love filed a motion to dismiss. The Elkhart Circuit Court denied his motions on August 10, 2015. (App. at 46.) Further, the Elkhart Circuit Court heeded this Court's prior advice to implement sanctions, following the Indiana Supreme Court's opinion in *Zavodnik v. Harper*, 17 N.E.3d 259 (Ind. 2014). Specifically, the Elkhart Circuit Court imposed specific filing criteria for any future litigation Love might pursue, and stripped Mr. Love of credit time earned as an inmate in the Department of Correction ("DOC").[3] (App. at 46.)

# Discussion and Decision

[7] At the outset, we address Love's contention that he filed a petition for *habeas corpus* that should have remained in the LaPorte Superior Court. The purpose of *habeas corpus* is to determine the lawfulness of a person's restraint and may not be used to attack collateral matters. *Hardley v. State*, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008), *trans. denied*. Our post-conviction rules provide that when an individual files a *habeas* petition in the county of incarceration but actually "challenges the validity of his conviction or sentence, that court shall transfer the cause to the court in which the conviction took place, and the latter court shall treat it as a petition for [post-conviction relief]." Ind. Post-Conviction Rule 1(1)(c).

---

[3] I.C. § 35-50-6-5(a)(4) permits the revocation of credit time "[i]f a court determines that a civil claim brought by the person in a state or an administrative court is frivolous, unreasonable, or groundless."

[8]     Here, Love's *habeas* petition attempted to attack the probable cause foundation of his conviction, a matter barred as *res judicata*. Along with his petition for *habeas corpus*, Love filed a motion to dismiss his original charges. It is clear that he intended to collaterally attack his original conviction instead of discovering the legal reason for his detainment. *See Hardley*, 893 N.E.2d at 743. Thus, the LaPorte Superior Court did not err when it transferred the petition and motion to dismiss to the Elkhart Circuit Court. In accordance with Post-Conviction Rule 1(1)(c), then, Love's petition and motion were to be treated as a petition for post-conviction relief.

[9]     Indiana Post-Conviction Rule 1(12) provides that, before a petitioner may file a successive post-conviction relief petition, a petitioner must request and receive leave to pursue a successive petition from either this Court or the Indiana Supreme Court. As in prior cases, Love has applied for post-conviction relief without having first sought leave under the Post-Conviction Rules. When a trial court encounters an improper successive petition for post-conviction relief, it should dismiss the petition. *See Young v. State*, 888 N.E.2d 1255, 1257 (Ind. 2008) (affirming the dismissal of an improper successive petition); *Azania v. State*, 738 N.E.2d 248, 250 (Ind. 2000) ("It was procedurally improper to file the petition without authorization from this court…. The [trial court] is therefore directed to dismiss the [PCR petition]."); *Young v. Duckworth*, 271 Ind. 554, 557, 394 N.E.2d 123, 125 (1979) ("It is obvious in this case that neither [trial court] had jurisdiction to entertain a petition for a writ of habeas corpus inasmuch as petitioner was serving time under a proper commitment, his sentence had not

expired and he had not been denied good time or credit time."); *Beech v. State*, 702 N.E.2d 1132, 1134 (Ind. Ct. App. 1999) ("the trial court erred when it entertained jurisdiction over [an improper successive petition]").[4]

[10] Love has previously sought post-conviction relief. On multiple occasions, he has failed to properly request permission to file a successive post-conviction petition from this Court or the Indiana Supreme Court. The same is true in the instant action. Accordingly, we order the trial court to vacate its judgment (except sanctions) and remand with instructions to otherwise enter an order of dismissal.

[11] Remanded.

Vaidik, C.J., and Crone, J., concur.

---

[4] Love also contends that the Elkhart Circuit Court lacked subject matter jurisdiction over his case. However, he makes no cogent argument with citation to relevant authority. See Ind. Appellate Rule 46(A)(8)(a). Having failed to do so, Love has waived this issue.