## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 17 2016, 8:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Warren Parks | Gregory F. Zoeller |
| Pendleton, Indiana | Attorney General of Indiana |
| | |
| | Jodi Kathryn Stein |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Warren Parks, | October 17, 2016 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 89A04-1605-PC-1114 |
| v. | Appeal from the Wayne Superior Court |
| State of Indiana, | The Honorable Gregory A. Horn, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 89D02-1207-PC-6 |

**Barnes, Judge.**

## Case Summary

Warren Parks appeals the trial court's denial of his habeas corpus petition and the denial of his motion for relief from judgment. We affirm.

## Issue

Parks raises one issue, which we restate as whether the trial court properly denied his habeas corpus petition and his motion for relief from judgment, in which Parks argued the trial court lacked subject matter jurisdiction.

## Facts

In 2011, the State charged Parks with Class B felony unlawful possession of a firearm by a serious violent felon and alleged that he was an habitual offender. A jury found Parks guilty of the Class B felony, and Parks admitted that he was an habitual offender. The trial court sentenced Parks to fifteen years, enhanced by an additional fifteen years for his habitual offender status. Parks appealed his conviction, arguing that he did not make a clear and unequivocal request to represent himself and that his sentence was inappropriate. We affirmed, and our supreme court denied transfer. *See Parks v. State*, No. 89A01-1111-CR-515 (Ind. Ct. App. May 18, 2012), *trans. denied*.

Parks then filed a petition for post-conviction relief. In that petition, Parks argued that his appellate counsel was ineffective and that the trial court did not have subject matter jurisdiction over his underlying criminal proceedings and his post-conviction proceedings. We noted that "Parks appears to argue that because the State failed to produce a copy of the Indiana Constitution signed by

Parks himself, the trial court lacked subject matter jurisdiction over him." *Parks v. State*, No. 89A01-1308-PC-351, slip op. at 3 (Ind. Ct. App. July 30, 2014), *trans. denied*. We affirmed the denial of the petition for post-conviction relief, concluding that "[t]he Wayne Superior Court had subject matter jurisdiction over the criminal charges and subsequent post-conviction proceedings." *Id.* Our supreme court then denied transfer.

[5] On April 17, 2016, Parks filed a habeas corpus petition. Parks argued that the trial court was "without subject matter jurisdiction to pass any judgment because the statute did not make this a crime [sic] it only increased the punishment for a crime." App. p. 15. Parks also argued that a person may not be sentenced as an habitual offender if all the felonies relied upon are Class D felonies. Finally, Parks argued that his prior Ohio robbery conviction was defective and void. On April 19, 2016, the trial court denied his petition as follows:

> Such Petition is allegedly filed by one Warren Parks as Beneficiary for the Petitioner, Warren Parks. The Court can simply find no basis under the law whatsoever for a "beneficiary" to file a petition for a writ of habeas corpus for another person. Therefore, such alleged "beneficiary" has no standing to file a Petition For Writ of Habeas Corpus.

> The basis upon which the Petition is filed is that this court lacked subject matter jurisdiction to hear the criminal action against Warren Park. Such claim was the basis for Parks' appeal before the Indiana Court of Appeals in Cause No. 89A01-1308-PC-351 decided on July 30, 2014. There, the Court of Appeals ruled that "[T]he Wayne Superior Court had subject matter jurisdiction

over the criminal charges and subsequent post-conviction proceedings." The issue of subject matter jurisdiction has already been determined and, therefore, cannot be re-litigated.

App. p. 13.

On April 28, 2016, Parks filed a motion for relief from judgment pursuant to Indiana Trial Rule 60(B), arguing that the trial court's denial of his habeas corpus petition relief was improper. The trial court found that the motion for relief from judgment was "wholly without merit" and denied the motion. *Id.* at 4. Parks now appeals.

## Analysis

We begin by noting that it is unclear whether Parks is appealing the denial of his habeas corpus petition or the denial of his motion for relief from judgment under Trial Rule 60(b). His notice of appeal, which was filed on May 13, 2016, states that he is appealing from the denial of the motion for relief from judgment, but he attached both orders to the notice of appeal. His appellant's brief seems to address only the denial of the motion for relief from judgment, but his reply brief addresses both orders. Despite Parks's lack of cogent argument, we will address the trial court's denial of both motions. See Ind. Appellate Rule 46(A)(8).

Both motions concern Parks's contention that the trial court did not have subject matter jurisdiction. "The doctrine of res judicata bars litigating a claim after a final judgment has been rendered in a prior action involving the same

claim between the same parties or their privies." *Love v. State*, 22 N.E.3d 663, 664 (Ind. Ct. App. 2014), *trans. denied*. "The principle behind the doctrine is the prevention of repetitive litigation of the same dispute." *Id.* Parks argued in his petition for post-conviction relief that the trial court did not have subject matter jurisdiction, and we rejected that argument. Parks is barred from raising the issue again.

[9] Parks argues that he previously argued personal jurisdiction and that he is not arguing subject matter jurisdiction. To the extent that his argument is different, we conclude that it is waived. Parks cites no relevant authority and fails to make a cogent argument. *See Zavodnik v. Harper*, 17 N.E.3d 259, 264 (Ind. 2014) (waiving a claim because the appellant failed to support it with cogent argument or citation to relevant authority).

[10] Waiver notwithstanding, on appeal, Parks seems to argue that the trial court did not have subject matter jurisdiction to enter the conviction. "One is entitled to habeas corpus only if he is entitled to his immediate release from unlawful custody." *Love*, 22 N.E.3d at 664. "[A] petitioner may not file a writ of habeas corpus to attack his conviction or sentence." *Id.* Parks's argument in his habeas corpus petition is clearly an impermissible attack on his conviction. Further, the argument in his motion for relief from judgment is merely a repeat of the argument in his habeas corpus petition. We conclude that the trial court properly rejected the subject matter jurisdiction argument. The trial court properly denied Parks's habeas corpus petition and motion for relief from judgment.

# Conclusion

The trial court properly denied Parks's habeas corpus petition and motion for relief from judgment. We affirm.

Affirmed.

Riley, J., and Bailey, J., concur.