## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2017, 7:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Jerry C. Wilson
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerry C. Wilson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 28, 2017 <br><br> Court of Appeals Case No. <br> 09A02-1609-CR-2147 <br><br> Appeal from the <br> Cass Circuit Court <br><br> The Honorable <br> Thomas C. Perrone, Special Judge <br><br> Trial Court Cause No. <br> 09C01-9108-CF-85 |

**Kirsch, Judge.**

[1] Jerry C. Wilson ("Wilson") appeals the denial of his motion to correct erroneous sentence. He raises several issues, which we consolidate and

rephrase as: whether the trial court abused its discretion when it denied his motion to correct erroneous sentence.

[2] We affirm.

## Facts and Procedural History

[3] In 1991, the State charged Wilson with two counts of Class A felony attempted murder and one count of Class C felony possession of explosive or inflammable substance. After a jury trial in 1992, Wilson was convicted as charged and sentenced to fifty years for each attempted murder conviction and eight years for the possession of explosive or inflammable substance conviction, all to run consecutively, for an aggregate sentence of 108 years. After a direct appeal, a panel of this court found that Wilson's conviction for possession of explosive or inflammable substance violated double jeopardy and vacated that conviction, but affirmed his convictions and sentences in all other respects. As a result of his direct appeal, Wilson's remaining sentence for his two attempted murder convictions was 100 years. Wilson later filed a petition for post-conviction relief, which was denied in 2001, and a panel of this court affirmed that denial on November 16, 2001.

[4] On February 27, 2003, Wilson filed his first motion to correct erroneous sentence, which was denied, and the denial was affirmed on appeal by this court. In that appeal, Wilson challenged whether his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), and this court found that it did not because Wilson's direct appeal terminated when transfer was denied in 1993. *Wilson v.*

*State*, No. 09A05-0602-PC-62 (Ind. Ct. App. Oct. 24, 2006). Therefore, because Wilson's case was final before *Blakely* was decided, *Blakely* did not have retroactive application. *Id.* Wilson also contended that the trial court had found improper aggravating factors in sentencing him and that his sentence was manifestly unreasonable; this court held that those issues were not issues reviewable under a motion to correct erroneous sentence. *Id.* Wilson additionally argued that his sentence violated the consecutive sentencing provisions under Indiana Code section 35-50-1-2, and this court held that Wilson's sentence was within the parameters of the statute in effect at the time of his sentencing, and he was not entitled to the benefit of subsequent amendments of the statute. *Id.*

[5] On July 22, 2016, Wilson filed the motion to correct erroneous sentence at issue in the present case, which is the fifth such motion he has filed. The trial court denied the motion without a hearing on September 2, 2016. Wilson now appeals.

## Discussion and Decision

[6] We review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.* A motion to correct erroneous sentence is available only when the sentence is erroneous on its face and may only arise out of information contained on the

formal judgment of conviction. *Id.* A motion to correct erroneous sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Woodcox v. State*, 30 N.E.3d 748, 751 (Ind. Ct. App. 2015). Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *Id.* Sentencing claims that are not facially apparent may be raised only on direct appeal and, where appropriate, by post-conviction proceedings. *Davis*, 978 N.E.2d at 472.

[7] Initially, we note that Wilson has not provided this court with his formal sentencing judgment from 1992 or his motion to correct erroneous sentence that was filed with the trial court. An appellant bears the burden of presenting this court with a record that is complete with respect to the issues raised on appeal. *Eiler v. State*, 938 N.E.2d 1235, 1237 n.2 (Ind. Ct. App. 2010). Wilson's claims rely on his contention that his sentencing judgment from 1992 was erroneous. Without the actual formal sentencing judgment, we cannot determine whether the trial court imposed a sentence that was erroneous on its face, and without his motion to correct erroneous sentence, we do not know what issues he raised to the trial court. "[I]t is defendant's duty to present this [c]ourt with an adequate record on appeal and when defendant fails to do so, the issue is deemed waived." *Lee v. State*, 694 N.E.2d 719, 722 n.6 (Ind. 1998), *cert. denied*, 525 U.S. 1023 (1998).

[8] Waiver notwithstanding, we find that the trial court properly denied Wilson's motion to correct erroneous sentence. In his brief, Wilson raises the following

issues: whether (1) 1994 amendments to Indiana Code section 35-50-1-2 should apply to his sentence; (2) consecutive sentences were barred by the 1994 amendment of section 35-50-1-2 because his crimes constituted one criminal act; (3) he should receive retroactive benefit of the revised section 35-50-1-2 and Indiana cases holding that enhanced and consecutive sentences on multiple counts of attempted murder are illegal; (4) Indiana Appellate Rule 7(B) is applicable to Wilson's case because no evidence supported the imposition of consecutive sentences; (5) his sentence should be reduced to fifty years due to the fact that the State had previously offered to do so, but Wilson rejected the offer; (6) his sentence was invalid because the trial court did not have statutory authority to impose enhanced and consecutive sentences and the trial court's sentencing was not supported by aggravators contained in Indiana Code section 35-50-1-7(b); (7) Wilson's sentence was improper in light of recent cases that have held that new substantive rules of criminal procedure and constitutional law shall have retroactive effect; and (8) his sentence was unreasonable in light of the fact he was denied a defense expert to test the fingerprint evidence at trial.

[9] Many of Wilson's issues, including issues (2), (4), (5), and (6), require consideration of the proceedings before, during, or after trial and other matters outside of the face of the sentencing judgment, such as evidentiary facts, a prior offer by the State for a sentence reduction, and the charging information. These issues, therefore, fall outside the purview of a motion to correct erroneous sentence and were not proper to raise in such a motion. *See Woodcox,* 30

N.E.3d at 751 (claims requiring consideration of proceedings before, during, or after trial may not be presented by way of motion to correct erroneous sentence).

[10] Further, other issues raised by Wilson in his brief are barred by res judicata. The doctrine of res judicata bars the litigation of a claim after a final judgment has been rendered in a prior action involving the same claim between the same parties or their privies. *Love v. State*, 22 N.E.3d 663, 664 (Ind. Ct. App. 2014), *trans. denied*. The principle behind the doctrine is to prevent repetitive litigation of the same dispute. *Id*.

[11] Issues (1), (3), (6), and (7) have been previously litigated in a prior action. Both issues (1) and (3) are claims that Wilson should have been able to retroactively benefit from Indiana Code section 35-50-1-2, which was amended in 1994. The contentions contained within these issues have already been determined in Wilson's appeal of the denial of his first motion to correct erroneous sentence where this court held that Wilson's sentence was within the parameters of the statute in effect at the time of his sentencing, and he was not entitled to the benefit of subsequent amendments of the statute. *Wilson v. State*, No. 09A05-0602-PC-62 (Ind. Ct. App. Oct. 24, 2006).

[12] Issues (6) and (7) both bring up the issue of whether the holding of *Blakely* should retroactively apply to Wilson's case. This issue has also previously been determined in Wilson's appeal of the denial of his first motion to correct erroneous sentence. In that appeal, this court found that, because Wilson's

direct appeal terminated when transfer was denied in 1993, Wilson's case was final before *Blakely* was decided, and *Blakely* did not have retroactive application. *Id*. Additionally, to the extent that issue (6) argues that Wilson's sentence was excessive and unreasonable, this issue is also res judicata as this court held that Wilson's sentence was not manifestly unreasonable in his direct appeal. *Wilson v. State*, 611 N.E.2d 160, 166-67 (Ind. Ct. App. 1993), *trans. denied*.

[13]     As for issue (8), this contention is not appropriate for a motion to correct erroneous sentence. Issue (8) is essentially a claim that the trial court erred in not allowing certain evidence to be used during Wilson's trial. Such a claim is not appropriate for a motion to correct erroneous sentence because it does not raise any argument based on the face of the sentencing judgment. A motion to correct erroneous sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Woodcox*, 30 N.E.3d at 751. Based on the above reasons, we conclude that the trial court did not abuse its discretion when it denied Wilson's motion to correct erroneous sentence.

[14]     Affirmed.

Robb, J., and Barnes, J., concur