## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 18 2019, 7:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
| Jeffery Gourley<br>New Castle, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | Aaron T. Craft<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffery Gourley,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 18, 2019<br><br>Court of Appeals Case No.<br>18A-MI-572<br><br>Appeal from the Henry Circuit Court<br><br>The Honorable Kit C. Dean Crane, Judge<br><br>Trial Court Cause No.<br>33C02-1707-MI-66 |

**Tavitas, Judge.**

# Case Summary

[1] Jeffery Gourley appeals the trial court's dismissal of his motion to remove his sexually violent predator ("SVP") status. We affirm.

# Issues

[2] Gourley raises two issues on appeal, which we restate as follows:

I. Whether the trial court erred in dismissing Gourley's motion to remove SVP status as barred by the doctrine of res judicata.

II. Whether the statutory scheme that classified Gourley as SVP by operation of law is unconstitutional.

# Facts

[3] In October 1997, Gourley sexually molested a child. On December 17, 1997, Gourley and the State entered a plea agreement under which Gourley pleaded guilty to child molesting, a Class B felony. On January 23, 1998, the trial court accepted the plea agreement and sentenced Gourley to twenty years in the Department of Correction ("DOC"), with three years suspended to probation. Pursuant to the plea agreement, Gourley agreed to be subject to various sex offender stipulations, including a requirement that Gourley would register as a sex offender for a ten-year period following his release from prison.

[4] The Indiana Sex Offender Registration Act ("the Act") is codified at Indiana Code Section 35-38-1-7.5. In 1998, our General Assembly amended the Act to create the SVP status. In 2007, the General Assembly again amended the Act

("2007 Amendment") to provide that a person is an SVP, by operation of law, if the person has committed a qualifying offense[1] and if the person was released from incarceration, detention, or probation after June 30, 1994. Indiana Code § 35-38-1-7.5(b) (2007). As to the underlying child molesting conviction, Gourley was released from incarceration well after June 30, 1994.

[5] On the effective date of the 2007 Amendment, by operation of law, Gourley became an SVP, subject to a lifetime sex offender registration requirement. On December 30, 2011, Gourley moved to remove his SVP status in Cause Number 3302-1112-MI-104 ("MI-104"). Gourley argued that the 2007 Amendment was unconstitutional as applied to him. Specifically, Gourley alleged that classifying him as an SVP violated the ex post facto clauses of the Indiana Constitution and the U.S. Constitution as well as the separation of powers clause of the Indiana Constitution. After a hearing on April 16, 2012, the Henry County circuit court denied Gourley's motion to remove SVP status in MI-104. Gourley did not appeal.

[6] On September 20, 2017, Gourley moved to remove SVP status on the same grounds as asserted in MI-104. On December 29, 2017, the State filed a motion to dismiss, asked the trial court to take judicial notice of court records from MI-104, and argued that Gourley's claim was barred by the doctrine of res judicata. On February 27, 2018, the trial court found that "[Gourley]'s claim was ruled

---

[1] Child molesting is a qualifying offense under the Act.

upon by this Court in 2012, under cause [MI-104]" and granted the State's motion to dismiss on res judicata grounds. App. Vol. II p. 9. Gourley now appeals.

# Analysis

## *I.    Background*

In *Lemmon v. Harris*, 949 N.E.2d 803 (Ind. 2011) ("*Harris*"), our supreme court summarized the various amendments of the Act, and most relevantly, the 2007 Amendment, as follows:

[ ] As amended in 2007 ("2007 Amendment"):

> a. Subsection (b) amended—a person is an SVP "***by operation of law*** if an offense committed by the person [is a qualifying offense] and the person was released from incarceration, secure detention, or probation for the offense after June 30, 1994." Ind. Code § 35-38-1-7.5(b) (Supp. 2007) (emphasis added).

> b. The court is required at the sentencing hearing to "***indicate on the record*** whether the person has been convicted of an offense that makes the person a sexually violent predator under subsection (b)." I.C. § 35-38-1-7.5(d) (emphasis added).

> c. The court ***no longer "determines" SVP status at the sentencing hearing*** unless a person is not an SVP under subsection (b) and the prosecuting attorney requests a hearing to determine whether the person is an SVP under subsection (a). I.C. § 35-38-1-7.5(e). If the court grants the request, it must conduct the hearing and consider the

testimony of two experts before determining whether the person is an SVP under subsection (a). *Id.*

*Harris*, 949 N.E.2d at 807 (citations and footnotes omitted). "An SVP is required to register for an indefinite period unless and until a court, assisted by a board of experts, finds that the offender is no longer an SVP." *Id.* at 806.

## II.    *Res Judicata*

Gourley argues that the trial court erred in dismissing his claim on res judicata grounds. Although Gourley acknowledges that he "[d]oes mention ex post facto [laws]" in MI-104, he contends that MI-104 involved a "due process argument," whereas the instant claim involves an ex post facto argument. Appellant's Br. p. 26.

"Res judicata is a legal doctrine intended 'to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and their privies.'" *Ind. State Ethics Comm'n v. Sanchez*, 18 N.E.3d 988, 993 (Ind. 2014) (quoting *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013)). "It applies 'where there has been a final adjudication on the merits of the same issue between the same parties.'" *Id.* (quoting *Gayheart v. Newnam Foundry Co., Inc.*, 271 Ind. 422, 426, 393 N.E.2d 163, 167 (1979)). Our supreme court has held:

> 1. [T]he former judgment must have been rendered by a court of competent jurisdiction;

> 2. the former judgment must have been rendered on the merits;
>
> 3. the matter now in issue was or might have been determined in the former suit; and
>
> 4. the controversy adjudicated in the former suit must have been between the parties to the present action or their privies.

*State v. Stidham*, 110 N.E.3d 410 (Ind. Ct. App. 2018) (quoting *Chemco Transp., Inc. v. Conn*, 527 N.E.2d 179, 181 (Ind. 1988)). If any element is absent, res judicata does not apply. *Id.* Of these factors, only the third is in dispute here.

[10] In MI-104, Gourley argued that, although, he was never declared an SVP by a court, by application of an unconstitutional ex post facto law, he was *belatedly* classified as an SVP by the DOC. Here, Gourley argues "that retroactive application of the 'by operation of law' amendment of I.C. § 35-38-1-75, violates his right to be free from ex post facto laws." App. Vol. II pp. 16; *see id.* at 19. In each scenario, Gourley seeks removal of his SVP status because the statutory scheme that created SVP status was not in effect at the time of his sentencing. Gourley's arguments in MI-104 and the instant case are identical.

[11] Finding no meaningful distinction between Gourley's claims in MI-104 and the instant case, we conclude that the controversy adjudicated in MI-104 in 2012 determined the instant issue. Thus, the doctrine of res judicata precludes Gourley's claim. *See Stidham*, 110 N.E.3d at 420; *see Love v. State,* 22 N.E.3d 663, 664 (Ind. Ct. App. 2014) (declining to "reach the merits of Love's claim as

the issue has been resolved against him numerous times"). The trial court did not err in granting the State's motion to dismiss on grounds of res judicata.

### III. Constitutionality

### A. Ex Post Facto Clause

[12] Next, Gourley argues[2] that:

> retroactive application of the '*by application of law*' amendment of Ind. Code § 35-38-1-7.5, as to [Gourley], violates the ex post clause[s] of the Indiana and United States Constitution[s], because the "*by operation of law*" amendment [and] any amendments concerning the term "Sexually Violent Predator" had not c[o]me into effect at the time of the commission, conviction, and ultimately sentencing for [Gourley]'s 'qualifying offense.'

Appellant's Br. p. 14 (emphasis in original).

[13] The ex post facto clause of the Indiana Constitution forbids laws that impose punishment for an act that was not otherwise punishable when it was committed. Ind. Const. art. 1 § 24; *Harris*, 949 N.E.2d at 809. The aim of the ex post facto clause is to ensure that people are "give[n] fair warning of the conduct that will give rise to criminal penalties." *Harris*, 949 N.E.2d at 809. The ex post facto clause also forbids laws (1) that impose punishment for an act

---

[2] Even if the trial court had not properly dismissed Gourley's claim as barred by res judicata, as discussed above, we would find no ex post facto violation.

that was not otherwise punishable when it was committed or (2) that impose additional punishment for an act then-proscribed. *Id.*

[14] Our supreme court has held that "[a] law is ex post facto if it 'substantially disadvantage[s] [a] defendant because it increase[s] his punishment, change[s] the elements of or ultimate facts necessary to prove the offense, or deprive[s] [a] defendant of some defense or lesser punishment that was available at the time of the crime.'" *Id*. (quoting *Stroud v. State,* 809 N.E.2d 274, 288 (Ind. 2004)).

> In evaluating ex post facto claims under the Indiana Constitution, we apply the familiar "intent-effects" test . . . . Under this test, we first determine whether the Legislature meant the Act to establish civil proceedings. If instead its intention was to impose punishment, then the inquiry ends. However, if the Legislature intended a nonpunitive regulatory scheme, then we must examine the Act's effects to determine whether they are in fact so punitive as to transform the regulatory scheme into a criminal penalty; if so, then retroactive application of the law violates the Ex Post Facto Clause.

*Harris,* 949 N.E.2d at 810 (citations omitted).

[15] In applying the intent-effects test in *Harris*, our supreme court initially presumed the 2007 amendment was civil and regulatory. *See id.* at 810; *see also Jensen v. State,* 905 N.E.2d 384, 390-91 (Ind. 2009) (noting that "every statute [is] clothed with the presumption of constitutionality until that presumption is clearly overcome by a contrary showing"). On the second question of whether the 2007 Amendment had a punitive effect as to Harris, our supreme court considered the following seven factors:

> [1] Whether the sanction involves an affirmative disability or restraint, [2] whether it has historically been regarded as punishment, [3] whether it comes into play only on a finding of *scienter,* [4] whether its operation will promote the traditional aims of punishment—retribution and deterrence, [5] whether the behavior to which it applies is already a crime, [6] whether an alternative purpose to which it may rationally be connected is assignable for it, and [7] whether it appears excessive in relation to the alternative purpose assigned.

*Id.* (quoting *Wallace v. State*, 905 N.E.2d 371 (Ind. 2009)).

[16] Harris, like Gourley, committed his child molesting offense before the SVP designation existed and specifically challenged the 2007 amendment. As to the first factor of the intent effects test – whether the sanction involves an affirmative disability or restraint – our supreme court found that additional restraints imposed on Harris as an SVP "lean[ed] in favor" of treating the 2007 amendment as punitive. The court also deemed the second factor – whether the 2007 amendment imposes sanctions that have historically been regarded as punishment – as punitive. *See id*. at 811 (finding that "the Act has the effect of increasing shame on an offender").

[17] In weighing the third factor – whether the sanction comes into play only on a finding of *scienter* – our supreme court concluded that the 2007 amendment was not punitive as to Harris because there is no scienter requirement for the offense of child molesting involving sexual intercourse with a child under age fourteen. Next, regarding whether operation of the 2007 amendment promotes the traditional aims of punishment, the court found that Harris was "in no different

position than before the 2007 Amendment," given general similarities between an offender being required to register for ten years versus being required to register for life; thus, on this factor, the court concluded that the 2007 amendment was nonpunitive as to Harris. *Id.* at 812.

[18] As to the fifth factor – whether the behavior to which it applies is already a crime – the court concluded that the 2007 Amendment was nonpunitive as to Harris because child molesting was a registration-triggering offense when Harris committed his crimes. Regarding the sixth factor – whether an alternative purpose to which the 2007 Amendment may rationally be connected is assignable for it – the court stated:

> the Act undoubtedly advances a legitimate, regulatory purpose in that it promotes public safety. To be sure, we have recognized that "registration systems are a legitimate way to protect the public from repeat offenders." This factor clearly favors treating the effects of the Act as nonpunitive.

*Id.* at 812 (citation omitted).

[19] As to the final factor – whether it appears excessive in relation to the alternative purpose assigned – the court stated:

> Finally, and most importantly, as applied to Harris, the Act's requirements are not excessive in relation to its legitimate, regulatory purpose. [M]any of the Act's registration and disclosure requirements were in place and applied to Harris at the time he committed his offense and at the time he pled guilty to child molesting, well before the 2007 Amendment. Further, like the 2006 Amendment, the 2007 Amendment provides that in ten

years from the date of his release from prison—the time frame in which Harris was originally required to register—he may petition the court "to consider whether [he] should no longer be considered [an SVP]." Ind. Code § 35-38-1-7.5(g) (Supp. 2007). And, under the 2007 Amendment, the court at that point may determine if Harris presents a future threat—i.e., "suffers from a mental abnormality or personality disorder that makes [him] likely to repeatedly commit a sex offense," I.C. § 35-38-1-7.5(a)— after consulting with two psychologists or psychiatrists who have expertise in criminal behavioral disorders. I.C. § 35-38-1-7.5(g). As we read the 2007 Amendment, if he is not an SVP under this standard, then he no longer has to register as one and his lifetime-registration requirement terminates. But if he is, then the Act requires him to continue to register; he can petition the court again to determine his SVP status in another year. *Id.*

It is clear to us that this provision of the 2007 Amendment advances the Act's legitimate regulatory purpose of public safety—by its terms, only those people who present a future threat are required to register for their lifetimes. Because of this provision allowing for an individualized determination based on his likelihood to reoffend after his original ten-year registration requirement is up, the 2007 Amendment seems even less punitive[.]

*Id*. at 813 (citations and footnotes omitted).

[20]     Our supreme court, therefore, rejected Harris' ex post facto claim because four of the seven factors "lean[ed] in favor of treating [the 2007 Amendment] as nonpunitive when applied to Harris." *Id*. The same outcome is warranted here.

[21] Gourley attempts to distinguish the instant case by "provid[ing] evidence of punitive intent on the part of the legislature with respect to" the 2007 Amendment. Appellant's Br. p. 11. Citing *Goldsberry v. State,* 821 N.E.2d 447 (Ind. Ct. App. 2005), Gourley contends that (1) because the 2007 Amendment provides that it is an act to amend the Indiana Code concerning criminal law and procedure"; and because (2) the 2007 Amendment is found in Title 35 of the Indiana Code, the legislature must have intended the 2007 Amendment to be a criminal punishment.

[22] The instant case is much akin to *Harris*.[3] *Harris* – decided five years after *Goldsberry* – employed a more detailed intents-effects test than *Goldsberry* by weighing the above-stated seven factors in determining "whether the effects of applying the regulatory scheme embodied in the 2007 Amendment [we]re punitive" as to the offender. *Harris*, 949 N.E.2d at 810.

[23] Applying the seven factors here to determine whether the 2007 Amendment has a punitive effect as applied to Gourley, we reach the same conclusion as did the *Harris* court. As to the *first* factor, we find that SVP status imposes additional restraints that warrant treating the 2007 amendment as punitive. Regarding the *second* factor, we find that publicly disseminated and searchable registration leans in favor of a punitive finding. The *third* factor is nonpunitive because,

---

[3] Like Harris, Gourley committed a child molesting offense while the 1997 Act was in effect, was a sex offender required to register for ten years after his release, and will be released from prison after June 30, 1994.

under the statutory scheme in effect at the time of Gourley's conviction, no scienter requirement existed for the offense of child molesting, a Class B felony, involving sexual intercourse with a child under age fourteen. *See* Ind. Code § 35-42-4-3(a) (1998).

[24] The *fourth* factor is also nonpunitive because, no matter the duration of the reporting obligation, sex offenders who are required to register for a prescribed period are largely similarly-situated. Likewise, the *fifth* factor is nonpunitive; Gourley was already required to register because his conduct was criminal before the 2007 Amendment. Regarding the sixth factor, we readily find that registration systems serve a legitimate, regulatory purpose in promoting public safety.

[25] As to the *final* and most significant factor, we deem it nonpunitive, given the potential to have one's SVP status removed. Stated differently, if a court, in consultation with criminal behavior specialists, determines that Gourley's SVP status should be removed, his lifetime reporting requirement shall terminate.

[26] Based on the foregoing, four of the seven factors lean in favor of the 2007 Amendment having a nonpunitive effect as applied to Gourley. We, therefore, conclude that the 2007 Amendment is not an unconstitutional ex post facto law as applied to Gourley.

### B. Separation of Powers[4]

[27]     Gourley also argues that his SVP classification "open[s] a final judgment which is [Gourley]'s plea agreement" and, thereby, violates the separation of powers clause of the Indiana Constitution.[5]  Appellant's Br. p. 22.

> The separation of powers or functions provision of the Indiana Constitution divides the functions of the government into three departments—the Legislative, the Executive, and the Judicial—and provides that "no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."  Ind. Const. art. III, § 1.

*Harris*, 949 N.E.2d at 814 (citations omitted).  "In general, this provision recognizes 'that each branch of the government has specific duties and powers that may not be usurped or infringed upon by the other branches of government.'"  *Id*.  "Although the Legislature 'has the authority to provide which acts shall be crimes in our society and to provide [for their] penalties,' the Judiciary possesses the authority to 'fix the penalty of and sentence a person convicted of an offense[.]'"  *Id*. (citation omitted).  "It is well-settled under the

---

[4] Gourley alleges a separation of powers violation under the U.S. Constitution, but he has not addressed the issue in his brief.  We deem this claim to be waived.

[5] Even if the trial court had not properly dismissed Gourley's claim as barred by res judicata, as discussed above, we would find no separation of powers violation.

doctrine of separation of powers that the Legislature cannot interfere with the discharge of judicial duties or set aside a final judgment of a court." *Id*.

[28] Gourley argues that, pursuant to his plea agreement, he was required to register as a sex offender for ten years after his release from prison. Gourley argues further that, through the belated SVP classification, "the court and the Indiana Attorney General, and the Indiana Department of Corrections" effectively interfered with the sentencing court's discharge of its judicial duties and set aside the final judgment of the sentencing court. Appellant's Br. p. 25.

[29] In *Harris*, the appellant made a similar claim. Harris alleged "that the automatic designation of offenders as SVPs 'by operation of law' has the effect of permitting the DOC, an executive branch of state government to reopen final judgments and thereby exercise a function reserved to the judiciary by the Indiana Constitution." *Harris*, 949 N.E.2d at 813-14.

[30] In rejecting Harris' claim, our supreme court reasoned that the "by operation of law" clause of the 2007 Amendment did not change a judicial determination because the sentencing court did not find that Harris was not an SVP. *Rather*, it was Harris' own commission of a qualifying offense that made him an "offender" and, thereby, subject to the 2007 Amendment. *See id.* at 814-15. Further, the supreme court held that the "by operation of law" clause actually "preserves the judiciary's role in determining the status of offenders and their likelihood to reoffend" by "leav[ing] to the courts . . . the power to determine

[upon the SVP offender's petition] the status of offenders and their likelihood of recidivism." *Id*. at 815.

[31]     Guided by *Harris*, we conclude that the "by operation of law" provision of the 2007 Amendment does not violate the separation of powers clause of the Indiana Constitution.

## Conclusion

[32]     The trial court did not err in granting the State's motion to dismiss on res judicata grounds. The "by operation of law" provision of the 2007 Amendment to Indiana Code Section 35-38-1-7.5 does not violate the ex post facto or separation of powers clauses of the Indiana Constitution. We affirm.

[33]     Affirmed.

[34]     Brown, J., and Altice, J., concur.