## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 10 2019, 10:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Lakesha Norington
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lakesha Norington,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

December 10, 2019

Court of Appeals Case No.
19A-PC-441

Appeal from the Marion Superior Court

The Hon. Grant W. Hawkins, Judge

Trial Court Cause Nos.
49G05-1710-PC-38106

**Bradford, Judge.**

# Case Summary

[1] In 2004, Lakesha Norington pled guilty in Marion Superior Court to Class B felony robbery, Class C felony burglary, and Class A felony involuntary manslaughter and was sentenced to an aggregate sentence of sixty years of incarceration. We affirmed Norington's sentence on direct appeal, and she sought, and was denied, post-conviction relief ("PCR"). Norington claims to have a filed a petition for writ of *habeas corpus* ("the Petition") on July 6, 2018, in the post-conviction court. On July 25, Norington moved to have the case transferred to Sullivan County, the county of her detention. The post-conviction court denied Norington's motion and her subsequent motion to correct error. Norington contends that the post-conviction court abused its discretion in denying her motion for change of venue. Because we disagree and also conclude that the post-conviction court should have dismissed the Petition as an impermissible successive PCR petition, we affirm and remand with instructions.

# Facts and Procedural History

[2] On April 21, 2004, Norington pled guilty to Class B felony robbery, Class C felony burglary, and Class A felony involuntary manslaughter in two separate cause numbers. *See Norington v. State*, No. 49A05-1707-PC-1966, slip op. at 2 (Ind. Ct. App. May 22, 2018), *trans. denied*. On May 12, 2004, the trial court sentenced Norington to consecutive sentences of twelve years for robbery, eight years for burglary, and forty years for involuntary manslaughter. *Id*. On direct appeal, we affirmed Norington's sentence. *Id*. Norington filed a PCR petition,

which the post-conviction court denied on March 25, 2009. *Id*. at 2–3. Norington did not appeal the denial of her PCR petition. *Id*. at 3.

[3]  Norington claims that on July 6, 2018, she filed the Petition in Marion Superior Court, although the chronological case summary contains no indication that it was actually submitted to the court, much less filed. Nonetheless, on July 25, 2018, Norington filed a motion for change of venue, in which she argued that the Petition should be transferred to Sullivan County, the county in which she is detained. The post-conviction court denied Norington's motion for change of venue on July 26, 2018. On August 16, 2018, Norington filed a motion to correct error, which was denied on September 13, 2018.

# Discussion and Decision

[4]  Norington appeals from the post-conviction court's denial of her motion to correct error, the alleged error being the post-conviction court's denial of her motion to transfer the Petition from Marion County to Sullivan County, the county in which she is detained. While it is true that a petition for a writ of *habeas corpus* in Indiana is to be filed in in county in which the petitioner is being detained,

> if a person applies for a writ of habeas corpus in the county where the person is incarcerated and challenges the validity of his conviction or sentence, that court shall transfer the cause to the court in which the conviction took place, and the latter court shall treat it as a petition for [PCR.]

Ind. Post-Conviction Rule 1(1)(c). So, if the Petition (assuming it was actually filed) was really a PCR petition, it should have been filed in the court of her

conviction, *i.e.*, Marion Superior Court, and the post-conviction court therefore properly denied Norington's motion to change venue.

[5] Norington alleges in the Petition that the cause of her illegal restraint is "an illegal search of home without both probable cause and exigent circumstances resulting in illegal seizure of Person and Effects[,]" *i.e.*, that her convictions were based on illegally-obtained evidence. Appellant's App. Vol. IV p. 12. This claim is clearly a challenge to the validity of her convictions and therefore not properly raised in a petition for a writ of *habeas corpus*. The post-conviction court apparently and properly treated the Petition as a successive PCR petition, which Norington had not sought or received permission to file. It is well-settled that "[w]hen a trial court encounters an improper successive petition for post-conviction relief, it should dismiss the petition." *Love v. State*, 52 N.E.3d 937, 940 (Ind. Ct. App. 2016). Although the post-conviction court properly denied Norington's motion to change venue, it is not entirely clear that it dismissed her improper PCR petition. We remand with instructions to do so.

[6] The judgement of the post-conviction court is affirmed, and we remand with instructions.

Robb, J., and Altice, J., concur.